[Cite as *State v. Moore*, 2011-Ohio-5695.]

IN THE COURT OF APPEALS FOR MONTGOMERY COUNTY, OHIO

| STATE OF OHIO | : | |
| | | |
| Plaintiff-Appellee | : | C.A. CASE NO.    24382 |
| | | |
| v. | : | T.C. NO.    10CR2729 |
| | | |
| BOBBY L. MOORE | : | (Criminal appeal from Common Pleas Court) |
| | | |
| Defendant-Appellant | : | |
| | | |
| | : | |

. . . . . . . . . .

**O P I N I O N**

Rendered on the ____4th____ day of ____November____, 2011.

. . . . . . . . . .

R. LYNN NOTHSTINE, Atty. Reg. No. 0061560, Assistant Prosecuting Attorney, 301 W. Third Street, 5th Floor, Dayton, Ohio 45422
    Attorney for Plaintiff-Appellee

ANTHONY S. VANNOY, Atty. Reg. No. 0067052, 130 West Second Street, Suite 1600, Dayton, Ohio 45402
    Attorney for Defendant-Appellant

. . . . . . . . . .

DONOVAN, J.

{¶ 1} Defendant-appellant Bobby L. Moore appeals his conviction and sentence for one count of involuntary manslaughter, in violation of R.C. 2903.04(A), a felony of the first degree, accompanied by a firearm specification; one count of

tampering with evidence, in violation of 2921.12(A)(1), a felony of the third degree; one count of carrying a concealed weapon, in violation of R.C. 2923.12(A)(2), a felony of the fourth degree; one count of illegal conveyance or possession of a deadly weapon or dangerous ordnance on school premises, in violation of R.C. 2923.122(A), a felony of the fifth degree, accompanied by a firearm specification; and one count of illegal conveyance or possession of a deadly weapon or dangerous ordnance in a school safety zone, in violation of 2923.122(B), a felony of the fifth degree. Moore filed a timely notice of appeal with this Court on December 8, 2010.

I

{¶ 2} The instant appeal stems from an incident which occurred on June 16, 2010, in which Moore shot fifteen year-old Ronika Owens-Clemons on a playground located outside of Westwood School in Dayton, Ohio. Although Moore claimed the shooting was an accident, he called 911and falsely reported that Clemons had been injured in a drive-by shooting and needed assistance. Moore was overheard by the 911 operator telling someone at the scene to make sure that no one reported his involvement in the shooting. Moore fled the scene before police and paramedics arrived. Moore disposed of the firearm used in the shooting, and damaged the cell phone that he used to make the 911 call in order to impair its use as evidence against him. Moore was arrested shortly thereafter at his cousin's residence and taken into custody. Clemons died that day while being treated at Miami Valley Hospital for the injuries sustained in the shooting. Before she died, Clemons allegedly told the police that Moore had shot her accidentally.

{¶ 3} Because he was sixteen years-old, Moore was held at the Juvenile Detention Center. In a complaint filed on June 30, 2010, Moore was alleged to be a delinquent child and charged with multiple felony offenses relating to the shooting. On the same day, the State filed a motion requesting that the juvenile court relinquish jurisdiction and transfer the case to the Criminal Division of the Common Pleas Court so that Moore could be tried as an adult. After a probable cause hearing held on August 27, 2010, the juvenile court found that probable cause existed to find that Moore was responsible for the acts alleged in the complaint and issued an order binding Moore over to be tried as an adult in the Criminal Division.

{¶ 4} Moore was subsequently transferred, and on October 14, 2010, Moore was charged by way of Bill of Information with one count of involuntary manslaughter accompanied by a firearm specification, one count of tampering with evidence, one count of carrying a concealed weapon, one count of illegal conveyance or possession of a deadly weapon or dangerous ordnance on school premises accompanied by a firearm specification, and one count of illegal conveyance or possession of a deadly weapon or dangerous ordnance in a school safety zone. On the same day, Moore pled guilty to all counts in the Bill of Information. At his sentencing hearing on November 3, 2010, the trial court sentenced Moore to eight years in prison for involuntary manslaughter, three years for tampering with evidence, one year for carrying a concealed weapon, and one year for illegal conveyance of a deadly weapon into a school safety zone. The court merged the count of possession of a deadly weapon on school premises with

the count for illegal conveyance. The trial court also merged the firearm specifications into a singular three-year term. The trial court ordered that all of the sentences run consecutively for an aggregate sentence of sixteen years in prison.

{¶ 5} It is from this judgment that Moore now appeals.

II

{¶ 6} Initially, we note that appointed counsel for Moore submitted an appellate brief pursuant to *Anders v. California* (1967), 386 U.S. 738, 87 S.Ct. 139618 L.Ed.2d 493, alleging that no arguably meritorious issues exist for appeal. Following the State's response to the *Anders* brief, Moore's original attorney filed a notice of appearance and merit brief on his behalf.

{¶ 7} Moore sole assignment of error is as follows:

{¶ 8} "THE TRIAL COURT'S SENTENCE WAS EXCESSIVE AND NOT COMMENSURATE WITH SENTENCES IMPOSED ON SIMILARLY SITUATED OFFENDERS."

{¶ 9} In his sole assignment, Moore contends that the aggregate sentence imposed by the trial court was excessive and not supported by the circumstances presented in the instant case.

{¶ 10} "The overriding purposes of felony sentencing are to protect the public from future crime by the offender and others and to punish the offender. To achieve those purposes, the sentencing court shall consider the need for incapacitating the offender, deterring the offender and others from future crime, rehabilitating the offender, and making restitution to the victim of the offense." R.C. 2929.11(A). A court that imposes a sentence for a felony has discretion to

determine the most effective way to comply with the purposes and principles of sentencing set forth in R.C. 2929.11. R.C. 2929.12(A). "Although [*State v.*] *Foster* [109 Ohio St.3d 1, 2006-Ohio-856] eliminated judicial fact-finding, courts have not been relieved of the obligation to consider the overriding purposes of felony sentencing, the seriousness and recidivism factors, or the other relevant considerations set forth in R.C. 2929.11, 2929.12, and 2929.13." *State v. Hairston*, 118 Ohio St.3d 289, 2008-Ohio-2338, ¶ 25.

{¶ 11} We review a felony sentence using a two-step procedure. *State v. Kalish,* 120 Ohio St.3d 23, 2008-Ohio-4912, ¶ 4. "The first step is to 'examine the sentencing court's compliance with all applicable rules and statutes in imposing the sentence to determine whether the sentence is clearly and convincingly contrary to law.'" *State v. Stevens,* 179 Ohio App.3d 97, 2008-Ohio-5775, ¶ 4, quoting *Kalish* at ¶ 4. "If this step is satisfied, the second step requires that the trial court's decision be 'reviewed under an abuse-of-discretion standard.'" Id. Generally, abuse of discretion is an "appellate court's standard for reviewing a decision that is asserted to be grossly unsound, unreasonable, illegal, or unsupported by the evidence." *State v. Money*, Clark App. No. 2009CA119, 2010-Ohio-6225, ¶13 (internal citations omitted).

{¶ 12} As we recently explained in *State v. Watkins*, 186 Ohio App.3d 619, 2010-Ohio-740, ¶s 38-39:

{¶ 13} "Sentencing errors assigned regarding the trial court's application of R.C. 2929.11 and 2929.12 are reversible or modifiable only upon a finding by clear and convincing evidence that the sentence is contrary to law. *State v. Hawkins,*

Greene App. No. 06CA79, ¶8. See, also, *State v. Bowshier,* Clark App No. 08-CA-58, 2009-Ohio-3429, ¶6, citing *State v. Kalish,* 120 Ohio St.3d 23, 2008-Ohio-4912; *State v. Mathis,* 109 Ohio St.3d 54, 2006-Ohio-855. 'Contrary to law means' that a sentencing decision manifestly ignores an issue or factor which a statute requires a court to consider. *Hawkins,* supra, at ¶8, citing *State v. Lofton,* Montgomery App. No. 19852, 2004-Ohio-169, ¶11.

{¶ 14} "When a trial court imposes a sentence that falls within the applicable statutory range, the court is required to consider the purposes and principles set forth in R.C. 2929.11, as well as the recidivism factors enumerated in R.C. 2929.12. *Hawkins,* supra, at ¶8, citing *Mathis,* supra. However, the court need not make any specific findings in order to demonstrate its consideration of those factors. Id. citing *State v. Arnett,* 88 Ohio St.3d 208, 215, 2000-Ohio-301; *State v. Foster,* 109 Ohio St.3d 1, 2006-Ohio-855, ¶42."

{¶ 15} All of the sentences imposed clearly fall within the limitations mandated by statute. Moreover, the trial court specifically referenced both R.C. 2929.11 and R.C. 2929.12 at the sentencing hearing when it stated as follows:

{¶ 16} "And so in considering the purposes and principles of sentencing and the seriousness and recidivism factors in the Ohio Revised Code, I'm going to sentence Mr. Moore as follows: ***."

{¶ 17} Because the trial court affirmatively stated that it considered the factors set out in both R.C. 2929.11 and R.C. 2929.12 in imposing Moore's sentence, that sentence is not contrary to law. *Watkins*, 186 Ohio App.3d at 630.

{¶ 18} Having concluded that Moore's sentence is not contrary to law, we

must now review his sentence under an abuse of discretion standard. Id. at 631. The trial court abuses its discretion when it considers an improper factor in its sentencing analysis. *State v. Davis*, Washington App. No. 09CA28, 2010-Ohio-555.

{¶ 19} R.C. 2929.12(A) mandates that, in exercising its "discretion, the court shall consider the factors set forth in divisions (B) and (C) of this section relating to the seriousness of the conduct and the factors provided in divisions (D) and (E) of this section relating to the likelihood of the offender's recidivism and, in addition, may consider any other factors that are relevant to addressing those purposes and principles of sentencing." Accordingly, the trial court had discretion to consider additional factors, but only if those factors are relevant to the proceedings.

{¶ 20} "[T]he sentencing judge [should] consider every convicted person as an individual and every case as a unique study in the human failings that sometimes mitigate, sometimes magnify, the crime and the punishment to ensue." *Pepper v. United States* (2011), _____ U.S. _____, 131 S.Ct. 1229, 1240, 179 L.Ed.2d 196, citing *Koon v. United States* (1996), 518 U.S. 81, 116 S.Ct. 2035, 135 L.Ed.2d 392. While noting Moore's youth, lack of criminal history, and the nature of the shooting, the trial court stated that Moore demonstrated "incomprehensibly bad judgment" by taking a loaded handgun to a school playground where children were playing, brandishing the weapon, and pointing it in the direction of other people. After the shooting, Moore lied to the 911 operator, stating Clemons had been shot in a drive-by, asked bystanders not to report his involvement, and fled the scene before the police and paramedics arrived. Moore also hid the gun and damaged his cell phone in order to avoid being caught. Upon review, we conclude

that the trial court did not abuse its discretion when it sentenced Moore to a sixteen year term.

{¶ 21} Moore also argues that the sentence he received for involuntary manslaughter is not commensurate with the sentences imposed upon similarly situated defendants for the same crime. At the sentencing hearing, however, Moore did not object to the length of his sentence.

{¶ 22} We have previously noted that:

{¶ 23} " 'R.C. 2929.11(B) imposes a duty upon the trial court to insure consistency among the sentences it imposes. * * * [It is] also recognized, however, that trial courts are limited in their ability to address the consistency mandate, and appellate courts are hampered in their review of this issue, by the lack of a reliable body of data upon which they can rely. * * * "[A]lthough a defendant cannot be expected to produce his or her own database to demonstrate the alleged inconsistency, the issue must at least be raised in the trial court and some evidence, however minimal, must be presented to the trial court to provide a starting point for analysis and to preserve the issue for appeal." Having failed to raise this issue at sentencing, [the defendant] cannot now argue that the sentence imposed by the trial court was inconsistent with those imposed on similar offenders.' " *State v. Bell*, Greene App. No. 2004-CA-5, 2005-Ohio-655, at ¶140, quoting from *State v. Roberts*, Cuyahoga App. No. 84070, 2005-Ohio-28, at ¶60, internal citations omitted. Accord *State v. Cantrell*, Champaign App. No. 2006 CA 35, 2007-Ohio-6585, at ¶14.

{¶ 24} Moore failed to raise this issue at sentencing, and he did not present

any evidence to the trial court about similar offenders and their sentences. The argument, is therefore, waived. See *State v. York*, Champaign App. No. 2009-CA-03, 2009-Ohio-6263.

{¶ 25} Moore's sole assignment of error is overruled.

III

{¶ 26} Moore's sole assignment of error having been overruled, the judgment of the trial court is affirmed.

. . . . . . . . . .

GRADY, P.J. and HALL, J., concur.

Copies mailed to:

R. Lynn Nothstine
Anthony S. VanNoy
Hon. Mary L. Wiseman