[Cite as *State v. Wagner*, 2012-Ohio-2791.]

IN THE COURT OF APPEALS FOR CLARK COUNTY, OHIO

STATE OF OHIO                          :

    Plaintiff-Appellee               :         C.A. CASE NO.   2011 CA 27

v.                                     :         T.C. NO.   11 CR 34

STEPHEN WAGNER                         :       (Criminal appeal from
                                         Common Pleas Court)

    Defendant-Appellant             :

                                 :

. . . . . . . . . .

# **O P I N I O N**

Rendered on the    22nd    day of     June    , 2012.

. . . . . . . . . .

LISA M. FANNIN, Atty. Reg. No. 0082337, Assistant Clark County Prosecutor, 50 E. Columbia Street, 4th Floor, P. O. Box 1608, Springfield, Ohio 45501
        Attorney for Plaintiff-Appellee

TYLER D. STARLINE, Atty. Reg. No. 0078552, 260 North Detroit Street, Xenia, Ohio 45385
        Attorney for Defendant-Appellant

STEPHEN WAGNER, #648663, London Correctional Institute, P. O. Box 69, London, Ohio 43140
        Defendant-Appellant

. . . . . . . . . .

FROELICH, J.

{¶ 1} Stephen Wagner pled guilty to robbery, a third degree felony, and was sentenced to the maximum term of five years in prison. Wagner appealed from his conviction, and his appellate counsel raised potential assignments of error pursuant to *Anders v. California*, 386 U.S. 738, 87 S.Ct.1396, 18 L.Ed.2d 493 (1967). For the following reasons, the trial court's judgment will be affirmed.

I.

{¶ 2} In January 2011, Wagner was indicted for two counts of aggravated robbery, each with a firearm specification. His trial was scheduled for March 29, 2011. On the morning of the scheduled trial date, the court informed the parties that it was currently conducting another trial, which had started the day before. The court, on its own motion, rescheduled Wagner's trial for March 30, one day later. Within hours, the parties reached an agreement on the charges.

{¶ 3} During the afternoon of March 29, Wagner pled guilty to an amended charge of robbery. As part of the plea, the State agreed to dismiss the second charge of aggravated robbery and the firearm specifications and to have a pre-sentence investigation conducted. The parties presented the court with a guilty plea form, with those terms, which Wagner had signed prior to the plea hearing.

{¶ 4} A pre-sentence investigation was conducted. After reviewing the pre-sentence investigation report, hearing from defense counsel and the prosecutor, and providing Wagner an opportunity to address the court, the trial court sentenced Wagner to the maximum five years in prison. Wagner appealed from his conviction.

{¶ 5}     Wagner's counsel has filed an *Anders* brief, stating that after a thorough review of the record, no non-frivolous issues for appellate review were found. Wagner's counsel identified three possible assignments of error that we should review. Wagner was informed of his counsel's brief, and he was granted time to file a pro se brief. No pro se brief has been filed.

{¶ 6}     We have conducted an independent review of the record. *Penson v. Ohio*, 488 U.S. 75, 109 S.Ct. 346, 102 L.Ed.2d 300 (1988).

II.

{¶ 7}     The first and second potential assignments of error both relate to Wagner's sentencing. They state:

> The Trial Court prejudicially erred in its analysis of the statutory sentencing purposes and factors when it sentenced Appellant Wagner to a maximum prison sentence.

> The Trial Court prejudicially erred by imposing a cruel and unusual punishment.

{¶ 8}     Wagner's counsel raises that the trial court's sentence is contrary to law, because the court did not follow statutory procedures in imposing sentence and the imposition of a maximum sentence constitutes cruel and unusual punishment.

{¶ 9}     We review a felony sentence using a two-step procedure. *State v. Kalish*, 120 Ohio St.3d 23, 2008-Ohio-4912, 896 N.E.2d 124, ¶ 4. "The first step is to 'examine the sentencing court's compliance with all applicable rules and statutes in imposing the sentence to determine whether the sentence is clearly and convincingly contrary to law.'" *State v.*

*Stevens*, 179 Ohio App.3d 97, 2008-Ohio-5775, 900 N.E.2d 1037, ¶ 4 (2d Dist.), quoting *Kalish* at ¶ 4. "If this step is satisfied, the second step requires that the trial court's decision be 'reviewed under an abuse-of-discretion standard.'" *Id.*

{¶ 10} At the time of Wagner's sentencing, the trial court was not required to make any findings or give its reasons before imposing a maximum, consecutive, or non-minimum sentence within the statutory range.[1] *State v. Foster*, 109 Ohio St.3d 1, 2006-Ohio-856, 845 N.E.2d 470, paragraph seven of the syllabus. Nevertheless, the trial court must still comply with the sentencing laws unaffected by *Foster*, such as R.C. 2929.11 and 2929.12, which require consideration of the purposes and principles of felony sentencing and the seriousness and recidivism factors. *State v. Mathis,* 109 Ohio St.3d 54, 2006-Ohio-855, 846 N.E.2d 1. The court does not have to make any specific findings to demonstrate its consideration of those statutes. *State v. Ramey*, 2d Dist. Clark No. 2010 CA 19, 2011-Ohio-1288, ¶ 47; *Foster* at ¶ 42. "Where the record is silent, a presumption exits that the trial court has considered the factors. Further, where a criminal sentence is within statutory limits, an appellate court should accord the trial court the presumption that it considered the statutory mitigating factors. Consequently, the appellant has an affirmative duty to show otherwise." (Citations omitted.) *Ramey* at ¶ 47.

{¶ 11} Wagner pled guilty to robbery, a third degree felony. At the time of his sentencing, a felony of the third degree warranted a definite prison term of one to five years.

---

[1] Pursuant to *State v. Hodge*, 128 Ohio St.3d 1, 2010-Ohio-6320, 941 N.E.2d 768, in H.B. 86, the Ohio legislature re-enacted statutes requiring certain judicial fact-finding before imposing consecutive sentencing, which had previously been found unconstitutional in *Foster* and were not "revived" following *Oregon v. Ice*, 555 U.S. 160, 129 S.Ct. 711, 172 L.Ed.2d 517 (2009). *See* R.C. 2929.14(C)(4).

Former R.C. 2929.14(A). Wagner was sentenced to five years, which was within the sentencing range.

{¶ 12}    In imposing sentence, the trial court discussed Wagner's juvenile and adult record, as detailed in the pre-sentence investigation report. The court did not, during the sentencing hearing, expressly state that it had considered the principles and purposes of felony sentencing and the seriousness and recidivism factors as set forth in R.C. 2929.11 and R.C. 2929.12. However, the court commented on the severity of Wagner's robbery offense and the fact that his conviction record reflected escalating violence, including the use of a firearm. The court stated, "Defendant's record would indicate most likely to re-offend and, as indicated, seems to be getting more serious offenses." The court's subsequent judgment entry indicated that "[t]he Court has considered the record, oral statements, any victim impact statement and presentence report prepared, as well as the principles and purposes of sentencing under Ohio Revised Code Section 2929.11, and has balanced the seriousness of recidivism factors [in] Ohio Revised Code 2929.12." There is nothing in the record to suggest that the trial court did not do so. Wagner's first potential assignment of error has no arguable merit.

{¶ 13}  Wagner's counsel further raises that his maximum five-year sentence for robbery constitutes cruel and unusual punishment. "As a general rule, a sentence that falls within the terms of a valid statute cannot amount to a cruel and unusual punishment." (Citations omitted.) *McDougle v. Maxwell*, 1 Ohio St.2d 68, 69, 203 N.E.2d 334 (1964), quoted by *State v. Coffman*, 2d Dist. Champaign No. 2010-CA-20, 2010-Ohio-4284, ¶ 9. Wagner's sentence was within the statutory range for a third degree felony. Accordingly,

his argument that his five-year sentence constituted cruel and unusual punishment is frivolous.

{¶ 14}   We further find no abuse of discretion in the trial court's imposition of the maximum five-year sentence.   The record reflects that Wagner and another man broke into a residence, pointed guns at the three occupants, and demanded money; one resident was hit in the head with a gun.   The trial court reasonably concluded that these actions amounted to "one of the most serious" forms of the offense of robbery.   Moreover, Wagner's extensive juvenile record over several years and his use of violence in committing the robbery supported the trial court's conclusion that Wagner was likely to re-offend and that a maximum sentence was appropriate.   Wagner's second potential assignment of error has no arguable merit.

III.

{¶ 15}   In his third potential assignment of error, Wagner's counsel raises that "[t]he trial court prejudicially erred by granting a sua sponte continuance of the scheduled jury trial when no journal entry reflecting the sua sponte continuance was filed with the Clerk of Courts."

{¶ 16}    A plea of guilty is a complete admission of guilt.   *E.g.*, *State v. Wheeler*, 2d Dist. Montgomery No. 24112, 2011-Ohio-3423, ¶ 3; *State v. Barrett*, 2d Dist. Montgomery No. 24150, 2011-Ohio-2303, ¶ 3; Crim.R. 11(B)(1).   Consequently, a guilty plea waives all appealable errors that may have occurred in the trial court, unless such errors precluded the defendant from knowingly, intelligently, and voluntarily entering his guilty plea.   *See*, *e.g.*, *State v. Kelley*, 57 Ohio St.3d 127, 566 N.E.2d 658 (1991), paragraph two of the syllabus;

*Wheeler* at ¶ 3; *State v. Smith*, 2d Dist. Clark No. 08 CA 60, 2009-Ohio-5048, ¶ 13. By pleading guilty, Wagner has waived any challenge based on the trial court's sua sponte one-day continuance of his trial date. Even if Wagner's argument were not waived, he has failed to articulate how he was prejudiced by the trial court's action.

{¶ 17}  Wagner's third potential assignment of error is frivolous.

IV.

{¶ 18}  We agree with Wagner's appellate counsel that there are no potential assignments of error having arguable merit and that this appeal is wholly frivolous. Accordingly, the judgment of the trial court will be affirmed.

. . . . . . . . . .

GRADY, P.J. and DONOVAN, J., concur.

Copies mailed to:

Lisa M. Fannin
Tyler D. Starline
Stephen Wagner
Hon. Richard J. O'Neill