[Cite as *State v. Wells*, 2012-Ohio-5529.]

## IN THE COURT OF APPEALS OF OHIO
## SECOND APPELLATE DISTRICT
## CHAMPAIGN COUNTY

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| | : | Appellate Case No. 2012-CA-12 |
| Plaintiff-Appellee | : | |
| | : | Trial Court Case No. 09-CR-279 |
| v. | : | |
| | : | |
| WILLIE J. WELLS, JR. | : | (Criminal Appeal from |
| | : | Common Pleas Court) |
| Defendant-Appellant | : | |
| | : | |

. . . . . . . . . . .

## O P I N I O N

Rendered on the 30th day of November, 2012.

. . . . . . . . . . .

NICK A. SELVAGGIO, Atty. Reg. #0055607, Champaign County Prosecutor's Office, 200 North Main Street, Urbana, Ohio 43078
      Attorney for Plaintiff-Appellee

WILMER J. DECHANT, JR., Atty. Reg. #0085084, Miller Finney McKeown and Baker, 20 King Avenue, Xenia, Ohio 45385
      Attorney for Defendant-Appellant

. . . . . . . . . . . .

FAIN, J.

{¶ 1}    Defendant-appellant Willie J. Wells, Jr., appeals from his sentence for Possession of Cocaine, in violation of R.C. 2925.11(A), (C)(4)(d), a felony of the second

degree, and Aggravated Possession of Drugs, in violation of 2925.11(A), (C)(1)(a), a felony of the fifth degree. Wells contends that the trial court erred by imposing consecutive sentences for these offenses without first making the findings required by R.C. 2929.14(C)(4), or giving its reasons for imposing consecutive sentences.

{¶ 2} The record reflects that the trial court made the findings required by statute for the imposition of consecutive sentences, both orally, at the sentencing hearing, and in its judgment entry. Reasons for imposing consecutive sentences, in addition to the findings, are not required by the statute. Accordingly, the judgment of the trial court is Affirmed.

## I. The Course of Proceedings

{¶ 3} Wells was charged by indictment with four drug offenses. He pled guilty to two of the charges, and the other two were dismissed. The offenses to which he pled guilty were Possession of Cocaine, in violation of R.C. 2925.11(A), (C)(4)(d), a felony of the second degree, and Aggravated Possession of Drugs, in violation of 2925.11(A), (C)(1)(a), a felony of the fifth degree.

{¶ 4} The trial court imposed a three-year sentence for Possession of Cocaine, and a twelve-month sentence for Aggravated Possession of Drugs. The trial court ordered the sentences to be served consecutively, for a total sentence of four years.

{¶ 5} From his sentence, Wells appeals.

## II. The Trial Court Made the Findings Required by Statute for the Imposition of Consecutive Sentences, and No Additional Reasons Are Required

**{¶ 6}** Wells's sole assignment of error is as follows:

THE TRIAL COURT ERRED BY IMPOSING CONSECUTIVE SENTENCES WITHOUT MAKING ANY FINDINGS OR GIVING ITS REASON.

**{¶ 7}** R.C. 2929.14(C)(4) requires a trial court to make certain findings before imposing consecutive sentences:

If multiple prison terms are imposed on an offender for convictions of multiple offenses, the court may require the offender to serve the prison terms consecutively if the court finds that the consecutive service is necessary to protect the public from future crime or to punish the offender and that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public, and if the court also finds any of the following:

(a) The offender committed one or more of the multiple offenses while the offender was awaiting trial or sentencing, was under a sanction imposed pursuant to section 2929.16, 2929.17, or 2929.18 of the Revised Code, or was under post-release control for a prior offense.

(b) At least two of the multiple offenses were committed as part of one or more courses of conduct, and the harm caused by two or more of the multiple offenses so committed was so great or unusual that no single prison term for any of the offenses committed as part of any of the courses of conduct adequately reflects the seriousness of the offender's conduct.

(c) The offender's history of criminal conduct demonstrates that consecutive

sentences are necessary to protect the public from future crime by the offender.

{¶ 8}    At the sentencing hearing, the trial court made the following findings on the record:

Court finds that the confinement in the two charges is to be consecutive. Makes a total of four years.  Making that determination, Court finds that consecutive sentences is necessary to protect the public from future crime by the Defendant and to punish the Defendant. [This satisfies the first requirement of R.C. 2929.14(C)(4).] Court finds that consecutive sentences are not disproportionate to the seriousness of Defendant's conduct and to the danger the Defendant posed to the public. [This satisfies the second requirement of R.C. 2929.14(C)(4).] Court finds that Defendant's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the Defendant. [This finding, under R.C. 2929.14(C)(4)(c), satisfies the requirement that the trial court make one of the three findings set forth in R.C. 2929.14(C)(4)(a-c).]

{¶ 9}    The trial court made these same findings in its judgment entry:

**<u>CONSECUTIVE FINDINGS</u>**

The Court finds that the consecutive service is necessary to protect the public from future crime and to punish the Defendant and that consecutive sentences are not disproportionate to the seriousness of the Defendant's conduct and to the danger the Defendant poses to the public and the Defendant's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the Defendant.   (Bolding and underlining in original.)

{¶ 10} Thus, the record does not support Wells's contention that the trial court failed to make the findings required by R.C. 2929.14(C)(4) for the imposition of consecutive sentences.

{¶ 11} In his brief, Wells argues that 2011 H 86 "re-enacted the code sections requiring sentencing courts to make specific findings of fact and provide reasons for imposing consecutive sentences." Wells cites *State v. Blackwell*, 8th Dist. Cuyahoga No. 97507, 2021-Ohio-3253, ¶ 42, in support of this proposition. But nothing in *Blackwell* stands for that proposition. *Blackwell* just notes, at ¶ 42, that 2011 H 86 has added a requirement that a trial court must make the specific findings set forth in R.C. 2929.14(C)(4) when imposing consecutive sentences.

{¶ 12} As noted in *State v. Alexander*, 1st Dist. Hamilton Nos. C-110828 and C-110829, 2012-Ohio-3349, a case cited in Wells's brief:

The consecutive-sentence findings required by R.C. 2929.14(C) are not the same as those required by former R.C. 2929.19(B)(2), which provided that the trial court "shall impose a sentence and shall make a finding that gives its reasons for selecting the sentence * * * (c) If it imposes consecutive sentences ." * * * . *See State v. Comer*, 99 Ohio St.3d 463, 2003–Ohio–4165, 793 N.E.2d 473, ¶ 14–16. In 2003, the Ohio Supreme Court held that the requirement that a trial court give its reasons for selecting consecutive sentences was "separate and distinct from the duty to make the findings," and it imposed an obligation on trial courts to articulate the reasons supporting their findings at the sentencing hearing. *Id*. at ¶ 19–20, 793 N.E.2d 473. The trial court's obligation to "give its reasons" is now gone from the sentencing

statutes. Gone with it, we hold, is the requirement that the trial court articulate and justify its findings at the sentencing hearing. A trial court is free to do so, of course. But where, as here, there is no statutory requirement that the trial court articulate its reasons, it does not commit reversible error if it fails to do so, as long as it has made the required findings. *See* [*State v.*] *Phillips*, 1st Dist. No. C–960898, 1997 Ohio App. LEXIS 2615, 1997 WL 330605.

{¶ 13} We agree. The Ohio General Assembly could have included the requirement that a trial court give its reasons for imposing consecutive sentences when it enacted 2011 H 86. It chose not to do so.

{¶ 14} Wells cites *State v. Wagner*, 2d Dist. Clark No. 2011 CA 27, 2012-Ohio-2791, ¶ 10, for the proposition that we have "stated that recitation of the statutory language may not be specific enough to meet the requirements imposed by [2011 H 86]." That case involved a sentencing that pre-dated the effective date of 2011 H 86, and we held that the trial court was not required to make any findings or give its reasons before imposing a maximum, consecutive, or non-minimum sentence within the statutory range. We find nothing in *State v. Wagner* to indicate that a trial court is required, after 2011 H 86, to give its reasons for imposing consecutive sentences, in addition to making the findings required by the statute.

{¶ 15} Finally, Wells directs our attention to *State v. Hodge*, 128 Ohio St.3d 1, 2010-Ohio-6320, 941 N.E.2d 768, paragraph 3 of the syllabus, which is as follows:

Trial court judges are not obligated to engage in judicial fact-finding prior to imposing consecutive sentences unless the General Assembly enacts new legislation requiring that findings be made.

**{¶ 16}** Neither paragraph 3 of the syllabus, nor anything else in *State v. Hodge*, which predated the enactment of 2011 H 86, suggests that trial courts are required to give reasons for imposing consecutive sentences.

**{¶ 17}** Wells's sole assignment of error is overruled.

### III. Conclusion

**{¶ 18}** Wells's sole assignment of error having been overruled, the judgment of the trial court is Affirmed.

. . . . . . . . . . . . .

DONOVAN and FROELICH, JJ., concur.

Copies mailed to:

Nick A. Selvaggio
Wilmer J. Dechant, Jr.
Hon. Roger B. Wilson