[Cite as *State v. McClendon*, 2011-Ohio-5067.]

IN THE COURT OF APPEALS OF MONTGOMERY COUNTY, OHIO

STATE OF OHIO                          :

    Plaintiff-Appellee          :          C.A. CASE NO. 23558

vs.                                    :          T.C. CASE NO. 09CR446

KYLE MCCLENDON                         :          (Criminal Appeal from
                                                    Common Pleas Court)
    Defendant-Appellant         :

. . . . . . . . .

O P I N I O N

Rendered on the 30th day of September, 2011.

. . . . . . . . .

Mathias H. Heck, Jr., Pros. Attorney; Carley J. Ingram, Asst. Pros. Attorney, Atty. Reg. No. 0020084, P.O. Box 972, Dayton, OH  45422

    Attorney for Plaintiff-Appellee

William O. Cass, Atty. Reg. No. 0034517, 3946 Kettering Blvd, Suite 202, Kettering, OH 45439
    Attorney for Defendant-Appellee

. . . . . . . . .

GRADY, P.J.:

{¶ 1}  This matter is before the court on remand from the Ohio Supreme Court.

{¶ 2}  In the early morning hours of February 7, 2009, Defendant shot David Driscoll five times at a Marathon gas station located at 4351 Riverside Drive in Dayton.  Driscoll died at the scene

from his multiple gunshot wounds. Following a jury trial, Defendant was found guilty of purposeful murder, R.C. 2903.02(A), felony murder, R.C. 2903.02(B), one count of felonious assault - deadly weapon in violation of R.C. 2903.11(A)(2), one count of felonious assault - serious physical harm in violation of R.C. 2903.11(A)(1), one count of improper handling of a firearm in a motor vehicle, R.C. 2923.16(B), and multiple firearm specifications, R.C. 2941.145.

{¶ 3} At sentencing, the trial court merged the two murder offenses, the two felonious assault offenses, and all five firearm specifications, and imposed prison terms totaling twenty-six years to life. The trial court refused to merge the felony murder, R.C. 2903.02(B), and the felonious assault - deadly weapon, R.C. 2903.11(A)(2), offenses.

{¶ 4} On direct appeal we affirmed in part and reversed in part the trial court's judgment. *State v. McClendon*, Montgomery App. No. 23558, 2010-Ohio-4757. In his second assignment of error, Defendant argued that the trial court erred by failing to merge the allied offenses of felony murder, R.C. 2903.02(B), and felonious assault - deadly weapon, R.C. 2903.11(A)(2), pursuant to R.C. 2941.25. We agreed and reversed and vacated Defendant's sentences for felony murder and felonious assault - deadly weapon, and remanded the matter to the trial court to merge the felonious

assault - deadly weapon offense with the felony murder offense, and resentence Defendant accordingly.

{¶ 5} The State appealed to the Ohio Supreme Court.  On March 29, 2011, the Ohio Supreme Court vacated our judgment with respect to the second assignment of error only, and remanded the matter to this court for application of the Supreme Court's decision in *State v. Johnson*, 128 Ohio St.3d 153, 2010-Ohio-6314.

{¶ 6} This matter is now before us for a merit decision on the allied offenses issue in the second assignment of error, applying *State v. Johnson, supra*.

SECOND ASSIGNMENT OF ERROR

{¶ 7} "THE FELONY MURDER COUNT AND THE FELONIOUS ASSAULT COUNT MERGE UNDER THE HOLDING OF *STATE V. JOHNSON*."

{¶ 8} At the sentencing hearing, the trial court merged as allied offenses of similar import the two counts of murder, R.C. 2903.02(A) and (B), and sentenced Defendant only on the felony murder count, R.C. 2903.02(B).  Likewise, the court merged the two counts of felonious assault, R.C. 2903.11(A)(1) and (2), and sentenced Defendant only on the felonious assault-deadly weapon count, R.C. 2903.11(A)(2).

{¶ 9} Defendant argues that the trial court erred by denying his request to also merge the felony murder, R.C. 2903.02(B), and the felonious assault-deadly weapon, R.C. 2903.11(A)(2)

convictions, because under the rule of *State v. Johnson*, 128 Ohio St.3d 153, 2010-Ohio-6314, those are allied offenses of similar import that must be merged pursuant to R.C. 2941.25. We agree, and therefore sustain this assignment of error.

{¶ 10} R.C. 2903.02(B), provides:

{¶ 11} "No person shall cause the death of another as a proximate result of the offender's committing or attempting to commit an offense of violence that is a felony of the first or second degree and that is not a violation of section 2903.03 or 2903.04 of the Revised Code."

{¶ 12} R.C. 2903.11(A)(2), provides:

{¶ 13} "No person shall knowingly do either of the following:

{¶ 14} "* * *

{¶ 15} "Cause or attempt to cause physical harm to another or to another's unborn by means of a deadly weapon or dangerous ordnance."

{¶ 16} Ohio's multiple counts statute, R.C. 2941.25, provides:

{¶ 17} "(A) Where the same conduct by defendant can be construed to constitute two or more allied offenses of similar import, the indictment or information may contain counts for all such offenses, but the defendant may be convicted of only one.

{¶ 18} "(B) Where the defendant's conduct constitutes two or more offenses of dissimilar import, or where his conduct results

in two or more offenses of the same or similar kind committed separately or with a separate animus as to each, the indictment or information may contain counts for all such offenses, and the defendant may be convicted of all of them."

{¶ 19} *State v. Johnson*, 128 Ohio St.3d 153, 2010-Ohio-6314, the Ohio Supreme Court announced a new test for determining when offenses are allied offenses of similar import that must be merged pursuant to R.C. 2941.25. *Johnson* overruled the previous test announced in *State v. Rance* (1999), 85 Ohio St.3d 632, and held: "When determining whether two offenses are allied offenses of similar import subject to merger under R.C. 2941.25, the conduct of the accused must be considered." Id. at syllabus. The Supreme Court explained its holding at ¶47-51, stating:

{¶ 20} "Under R.C. 2941.25, the court must determine prior to sentencing whether the offenses were committed by the same conduct. Thus, the court need not perform any hypothetical or abstract comparison of the offenses at issue in order to conclude that the offenses are subject to merger.

{¶ 21} "In determining whether offenses are allied offenses of similar import under R.C. 2941.25(A), the question is whether it is possible to commit one offense *and* commit the other with the same conduct, not whether it is possible to commit one *without* committing the other. *Blankenship*, 38 Ohio St.3d at 119, 526

N.E.2d 816 (Whiteside, J., concurring) ('It is not necessary that both crimes are always committed by the same conduct but, rather, it is sufficient if both offenses *can be* committed by the same conduct. It is a matter of possibility, rather than certainty, that the same conduct will constitute commission of both offenses.' [Emphasis sic]). If the offenses correspond to such a degree that the conduct of the defendant constituting commission of one offense constitutes commission of the other, then the offenses are of similar import.

{¶ 22} "If the multiple offenses can be committed by the same conduct, then the court must determine whether the offenses were committed by the same conduct, i.e., 'a single act, committed with a single state of mind.' *Brown*, 119 Ohio St.3d 447, 2008-Ohio-4569, 895 N.E.2d 149, at ¶ 50 (Lanzinger, J.,dissenting).

{¶ 23} "If the answer to both questions is yes, then the offenses are allied offenses of similar import and will be merged.

{¶ 24} "Conversely, if the court determines that the commission of one offense will *never* result in the commission of the other, or if the offenses are committed separately, or if the defendant has separate animus for each offense, then, according to R.C. 2941.25(B), the offenses will not merge."

{¶ 25} In our prior decision in this case, *McClendon* at ¶33, we noted:

{¶ 26} "[I]t is not possible to cause the death of another as a proximate result of causing physical harm with a deadly weapon in violation of R.C. 2903.02(B), without also committing a felonious assault with a deadly weapon in violation of R.C. 2903.11(A)(2). The death would not have occurred without the felonious assault having been committed, and the felonious assault is itself a cause which in the natural and continuous sequence of events involved resulted in the victim's death."

{¶ 27} Clearly, under the rule of *Johnson*, it is possible to commit a violation of both R.C. 2903.02(B) and 2903.11(A)(2) with the same conduct. Defendant's conduct in shooting David Driscoll five times in rapid succession, which resulted in Driscoll's death, violates both R.C. 2903.02(B) and 2903.11(A)(2). Therefore, because it is possible to commit a violation of both R.C. 2903.02(B) and 2903.11(A)(2) with the same conduct, they are allied offenses of similar import for purposes of R.C. 2941.25(A). *Johnson* at ¶48. The further issue is whether the felony murder and felonious assault-deadly weapon offenses in this case were committed by the same conduct; that is, by a single act committed with a single state of mind, *Johnson*, at ¶49, or whether the exception to merger in R.C. 2941.25(B) applies.

{¶ 28} The State argues that because Defendant had to pull the trigger five separate times in order to shoot Driscoll five times,

which collectively resulted in Driscoll's death, Defendant engaged in five separate acts, and the felonious assault and murder offenses were committed separately and are not subject to merger per R.C. 2941.25(B). This argument lacks merit given the facts of this case.

{¶ 29} As we noted in our previous opinion in this case, *McClendon* at ¶33-34:

{¶ 30} "On this record, the two offenses involved the same conduct. Because they were not committed separately or with a separate animus for each, their merger for purposes of R.C. 2941.25 is required.

{¶ 31} "In this case there was but one criminal act/incident in which Defendant fired five shots at the same victim, David Driscoll, all at the same time in rapid succession. Defendant's animus in firing each shot was the same: to cause serious physical harm to Driscoll. All five shots struck Driscoll and he died as a result of multiple gunshot wounds. The offenses of felonious assault, R.C. 2903.11(A)(2), and felony murder, R.C. 2903.02(B), were not committed separately or with a separate animus for each, and accordingly their merger for purposes of R.C. 2941.25 is required."

{¶ 32} The offenses of felonious assault-deadly weapon, R.C. 2903.11(A)(2), and felony murder, R.C. 2903.02(B), in this case

arise from and were committed by the same conduct, i.e., a single act committed with a single animus. *Johnson*. Accordingly, those offenses are allied offenses of similar import that must be merged, and Defendant may be convicted of and sentenced for only one. *Johnson*.

{¶ 33} Defendant's second assignment of error is sustained. We will reverse and vacate Defendant's sentences for felony murder and felonious assault (deadly weapon), and the case will be remanded to the trial court to hold a new sentencing hearing for the offense that remains after the State selects which allied offense to pursue. *State v. Wilson*, 129 Ohio St.3d 214, 2011-Ohio-2669. Otherwise, the judgment of the trial court is affirmed.

FAIN, J. And HALL, J., concur.

Copies mailed to:

Carley Ingram, Esq.
William O. Cass, Esq.
Hon. Dennis J. Langer