[Cite as *State v. Rainer*, 2013-Ohio-963.]

IN THE COURT OF APPEALS OF OHIO
SECOND APPELLATE DISTRICT
MONTGOMERY COUNTY

STATE OF OHIO

     Plaintiff-Appellee

v.

PAUL G. RAINER

     Defendant-Appellant

Appellate Case No. 25091

Trial Court Case No. 10-CR-3709

(Criminal Appeal from
 Common Pleas Court)

. . . . . . . . . . .

O P I N I O N

Rendered on the 15th day of March, 2013.

. . . . . . . . . . .

MATHIAS H. HECK, JR., by JOSEPH R. HABBYSHAW, Atty. Reg. #0089530, Montgomery County Prosecutor's Office, Appellate Division, Montgomery County Courts Building, P.O. Box 972, 301 West Third Street, Dayton, Ohio 45422
     Attorney for Plaintiff-Appellee

ROBERT ALAN BRENNER, Atty. Reg. #0067714, Post Office Box 341021, Beavercreek, Ohio 45434
     Attorney for Defendant-Appellant

. . . . . . . . . . . . .

HALL, J.

{¶ 1} Paul G. Rainer appeals from his conviction and sentence following a guilty plea to five counts of felonious assault.

{¶ 2} Rainer advances two assignments of error on appeal. First, he contends the trial court erred in failing to merge all of the felonious-assault counts involving one of his two victims. Second, he claims the trial court erred in imposing partially consecutive sentences.

{¶ 3} The charges against Rainer involved a stabbing at a bar. While drinking at the bar, Rainer became upset with one of the victims, Rebecca Henry. He stabbed her once in the chest and once in the arm. As she fled, he stabbed her a third time in the back. The second victim was bar patron Christopher Derr, who intervened in the knife attack. Rainer swung his knife and cut Derr's hand as Derr tried to restrain him.

{¶ 4} A grand jury indicted Rainer on five counts of felonious assault. Counts one, three, four, and five pertained to Henry. Count one alleged felonious assault (deadly weapon). Counts three, four, and five alleged felonious assault (serious physical harm). Count two pertained to Derr and alleged felonious assault (deadly weapon). Rainer pled guilty to all of the charges. At sentencing, the trial court merged counts three and four (which involved the stab wounds to Henry's chest and arm) into count one for purposes of sentencing. The trial court found that count five (which involved the stab wound to Henry's back) had a separate animus and was separated in time from the other wounds. Therefore, the trial court declined to merge count five. The trial court also found a separate animus for count two (the assault on Derr) and declined to merge it. Rainer received concurrent two-year prison sentences on counts one and five and a consecutive two-year sentence on count two, resulting in an

aggregate four-year prison term. The appeal followed.[1]

{¶ 5}     In his first assignment of error, Rainer contends the trial court erred in failing to merge all of the counts involving Henry into one for purposes of sentencing. Specifically, he claims the trial court should have merged count five (which involved the stab wound to Henry's back) into count one, just as it merged counts three and four (which involved the stab wounds to Henry's chest and arm) into count one.

{¶ 6}     Prior to sentencing, the State made the following uncontested proffer of the evidence:

> * * * [T]he evidence would have shown * * * that Ms. Henry was stabbed while standing at the bar and next to the defendant. She was quickly stabbed in the chest area and to her arm area. As a result of being stabbed, * * * Ms. Henry fled the initial bar area and while she was fleeing the bar, this defendant, Mr. Rainer, stabbed Ms. Henry in the back for the third stab wound.

(Sentencing Tr. at 4-5).

{¶ 7}     Based on the State's proffer, the trial court concluded:

> * * * [T]he stab wounds to Ms. Henry to the chest and arm, which are the subject of counts 1, 3 and 4, occurred in quick succession and, therefore, those three counts involve a single animus. The Court finds that the stab wound to the back, which is Count 5, that is separate and apart from and is significantly separated in time from the wounds sustained in the bar, and so that

---

[1]On November 15, 2012, this court remanded the matter for the limited purpose of allowing the trial court to file a nunc pro tunc termination entry accurately stating the sentence imposed. The trial court filed such an entry on December 10, 2012, reciting the sentence we have set forth above.

involved an animus that's separate and apart from the animus that's the subject of Counts 1, 3 and 5 [sic]. So with regard to Counts 1, 3, and—let me repeat that. Count 5 has a separate animus separate from the animus of Counts 1, 3 and 4.

(*Id.* at 6).

{¶ 8}   On appeal, Rainer insists that the stab wound to Henry's back was not meaningfully distinguishable from counts one, three, and four, which the parties agree involved the stab wounds to her chest and arm. Rainer asserts that the same animus existed for each of the stab wounds and that the stab wound to Henry's back did not involve any significant separation in time or any intervening event. Therefore, he argues that count five should have merged into count one as an allied offense of similar import,[2] just as counts three and four did.

{¶ 9}   Under *State v. Johnson*, 128 Ohio St.3d 153, 2010-Ohio-6314, 942 N.E.2d 1061, the narrow issue before us is whether Rainer's act of stabbing Henry in the back was committed separately or with a separate animus from the other stab wounds he inflicted on her. *Id.* at ¶51. As set forth above, the trial court determined that the knife blow to Henry's back was a distinct act sufficiently separated in time from the prior blows and was committed with a separate animus. We review that determination de novo. *State v. Williams*, __ Ohio St.3d __, 2012-Ohio-5699, __ N.E.2d __, ¶12.

---

[2] Although the trial court imposed concurrent two-year prison terms on counts one and five, that does not render the allied-offense issue moot or result in any error being harmless. "Even when the sentences imposed for allied offenses are ordered to be served concurrently, a defendant is prejudiced by having more convictions than are authorized by law." *State v. Anderson*, ___ Ohio App.3d ___, 2012-Ohio-3347, 974 N.E.2d 1236, ¶41 (1st Dist.).

{¶ 10} The facts before us support the trial court's determination that count five was not subject to merger. We recognize that a defendant's infliction of multiple wounds in rapid succession may constitute a single act with a single animus for purposes of an allied-offense analysis. *See*, *e.g.*, *State v. McClendon*, 2d Dist. Montgomery No. 23558, 2011-Ohio-5067 (involving a defendant who shot the victim five times in rapid succession). Under the facts of this case, however, the trial court correctly distinguished between the initial knife blows Rainer inflicted at the bar and the final blow he inflicted to Henry's back when she fled the bar area and attempted to escape. The temporal separation between the knife blows, albeit slight, establishes separate acts of felonious assault. This court reached a similar conclusion in *State v. Wilson*, 2d Dist. Montgomery No. 22120, 2008-Ohio-4130, reasoning:

> The evidence in this case demonstrates that Defendant committed two separate and distinct felonious assaults against D'Laquan Phillips, and then murdered him. The initial felonious assault occurred when Michael Phillips heard a gunshot and looked up to see his nephew, D'Laquan Phillips, struggling with Defendant. Although it is unclear from the record whether this first shot struck D'Laquan Phillips, this conduct corresponds to count four of the indictment which charged that Defendant caused or attempted to cause physical harm with a deadly weapon. This first felonious assault was completed before Defendant committed the second felonious assault, which occurred when Defendant shot D'Laquan Phillips in the back as Phillips attempted to flee. * * *

*Id.* at ¶43.

{¶ 11} Similarly, the record here supports a finding that Rainer committed an act of felonious assault when he stabbed Henry in the chest and arm as they were standing at the bar. Rainer then committed a separate and distinct act of felonious assault when he stabbed Henry in the back as she turned and attempted to flee. Having determined that Rainer's act of stabbing Henry in the back was committed separately from the other stab wounds, we need not determine whether he also acted with a separate animus. Our determination that the act of stabbing Henry in the back was a separately committed act is sufficient to uphold the trial court's ruling. Accordingly, the first assignment of error is overruled.

{¶ 12} In his second assignment of error, Rainer contends the trial court abused its discretion in imposing consecutive two-year prison terms for felonious assault on Henry and felonious assault on Derr.[3] In support, Rainer stresses that Henry's injuries were much more severe than the injury sustained by Derr, who suffered only a cut to his hand. Given the disparity in the harm he inflicted, Rainer reasons that the trial court abused its discretion in requiring him to "serve the same time" for each victim by imposing consecutive two-year sentences.

{¶ 13} We review a felony sentence using a two-step procedure. *State v. Kalish*, 120 Ohio St.3d 23, 2008-Ohio-4912, 896 N.E.2d 124, ¶ 4. "The first step is to 'examine the sentencing court's compliance with all applicable rules and statutes in imposing the sentence to determine whether the sentence is clearly and convincingly contrary to law.'" *State v. Stevens*, 179 Ohio App.3d 97, 2008-Ohio-5775, 900 N.E.2d 1037, ¶ 4 (2d Dist.), quoting *id.*

---

[3] As set forth above, the trial court imposed concurrent two-year prison terms on counts one and five, which pertained to Henry. It then imposed a consecutive two-year prison term on count two, which pertained to Derr.

"If this step is satisfied, the second step requires that the trial court decision be 'reviewed under an abuse-of-discretion standard.'" *Id.*, quoting *Kalish* at ¶4.

{¶ 14} Here Rainer does not argue that his sentence is contrary to law. He maintains only that the trial court's imposition of consecutive sentences constituted an abuse of discretion.[4] We disagree. The fact that Derr suffered less physical harm than Henry did not obligate the trial court to impose wholly concurrent sentences, as Rainer suggests.

{¶ 15} The pre-sentence investigation report, which the trial court considered, reveals that Rainer had prior convictions for falsification, OVI, and two separate incidents of disorderly conduct (one of which was amended down from assault). The trial court noted that Rainer had been terminated from probation just seven months before committing his offenses against Derr and Henry. The trial court also noted that Henry had suffered potentially permanent tendon damage as a result of the knife attack. In addition, the trial court pointed out that Rainer stopped stabbing Henry only because Derr successfully restrained him. Although Derr's physical injury was not as serious as Henry's, the trial court noted Derr's victim-impact statement regarding significant psychological problems he had been experiencing due to the knife attack.

{¶ 16} Based on our review of the record, we cannot say the trial court abused its discretion in imposing an aggregate four-year prison term consisting of two concurrent two-year prison terms (for the assault on Henry) and a consecutive two-year term (for the

---

[4] In its brief, the State contends Rainer does argue that his sentence is contrary to law. (Appellee's Brief at 5). A review of Rainer's brief reveals, however, that he makes only an abuse-of-discretion argument. (Appellant's Brief at 4-5). Parenthetically, we note too that under 2011 Am.Sub.H.B. 86, a trial court now must make findings under R.C. 2929.14(C)(4) before imposing consecutive sentences. That requirement became effective September 30, 2011. It had no applicability in Rainer's case because his termination entry was filed on March 21, 2011. *See State v. Du*, 2d Dist. Greene No. 2010-CA-27, 2011-Ohio-6306, ¶23.

assault on Derr). In reaching this conclusion, we note that the potential prison term for each of the three counts was two to eight years, meaning Rainer faced a potential twenty-four year prison sentence. The second assignment of error is overruled.

{¶ 17}   The judgment of the Montgomery County Common Pleas Court is affirmed.

. . . . . . . . . . . . .

DONOVAN and FROELICH, JJ., concur.


Copies mailed to:

Mathias H. Heck
Joseph R. Habbyshaw
Robert Alan Brenner
Hon. Dennis J. Langer