[Cite as *State v. Forney*, 2013-Ohio-3034.]

**IN THE COURT OF APPEALS OF OHIO**
**SECOND APPELLATE DISTRICT**
**CHAMPAIGN   COUNTY**

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| | : | Appellate Case No. 2012-CA-37 |
| Plaintiff-Appellee | : | |
| | : | Trial Court Case No. 2012-CR-91 |
| v. | : | |
| | : | |
| ANDREW P. FORNEY | : | (Criminal Appeal from |
| | : |  Common Pleas Court) |
| Defendant-Appellant | : | |
| | : | |

. . . . . . . . . . .

O P I N I O N

Rendered on the 12th day of July, 2013.

. . . . . . . . . .

KEVIN S. TALEBI, Atty. Reg. #0069198, by JANE A. NAPIER, Atty. Reg. #0061426, Champaign County Prosecutor's Office, 200 North Main Street, Urbana, Ohio 43078
     Attorney for Plaintiff-Appellee

BRIAN A. SMITH, Atty. Reg. #0083620, Brian A. Smith, Attorney at Law, 503 West Park Avenue, Barberton, Ohio 44203
     Attorney for Defendant-Appellant

. . . . . . . . . . . .

HALL, J.,

{¶ 1}     Andrew P. Forney appeals from his conviction and sentence following a guilty

plea to charges of failure to report a crime, abuse of a corpse, gross abuse of a corpse, obstructing

justice, and complicity to evidence tampering.

{¶ 2}  Forney advances four assignments of error on appeal. First, he contends the trial court erred in imposing partially consecutive sentences. Second, he claims the trial court erred in imposing maximum sentences on all counts. Third, he asserts that the trial court erred in failing to merge gross abuse of a corpse and obstructing justice as allied offenses. Fourth, he argues that the trial court erred in failing to merge complicity to evidence tampering and obstructing justice as allied offenses.

{¶ 3}  The charges against Forney stemmed from his role, along with others, in helping his friend, Matthew Puccio, dismember and dispose of the body of Jessica Sacco. The record reflects that Puccio stabbed and suffocated Sacco in a residence they shared. Forney was in the residence at the time. After Sacco's death, Forney helped move her body into a bathtub. He then helped dismember her body with pliers, a knife, and a sword. The dismemberment occurred in multiple sessions lasting hours. Forney and his wife later transported Puccio and Sacco's dismembered body to Butler County in Forney's van. Forney and his wife slept in the van with the dismembered body before disposing of it. Police ultimately arrested Forney, Puccio, and others in connection with the death and dismemberment of Sacco. As part of a plea agreement, Forney pled guilty to the charges set forth above in exchange for the dismissal of other charges. After merging two counts as allied offenses but declining to merge others, the trial court imposed an aggregate ten-year prison sentence This appeal followed.

{¶ 4}  Forney's first two assignments of error challenge the trial court's imposition of partially consecutive sentences and its imposition of maximum sentences.  Specifically, Forney contests the trial court's decision to impose consecutive sentences on counts three (gross abuse of a corpse), six (obstructing justice), eight (complicity to evidence tampering), and nine

(obstructing justice). He also contests the trial court's decision to impose statutory maximum prison terms on all counts.

{¶ 5} Forney does not dispute that the trial court complied with the applicable sentencing statutes. Therefore, he does not argue that his sentence is contrary to law. Instead, he contends the trial court abused its discretion when considering the statutory "principles and purposes of sentencing" and the statutory "seriousness" and "recidivism" factors and finding partially consecutive and maximum sentences appropriate. Forney stresses his lack of any criminal record, his expression of remorse, and his cooperation with law enforcement. He contends the trial court overweighted the seriousness of his conduct while giving too little weight to the mitigating factors mentioned in his brief. He also faults the trial court for not specifically analyzing any of the statutory "seriousness" factors. Forney asserts that none of them apply. He additionally argues that the trial court scarcely considered the "recidivism" factors, which he claims show little likelihood of him re-offending. Forney also claims the trial court improperly dismissed other mitigating factors, including his claim that his offenses occurred under circumstances unlikely to occur and that he acted under strong provocation in the form of "direction" from Puccio.

{¶ 6} We review a felony sentence using a two-step procedure. *State v. Kalish*, 120 Ohio St.3d 23, 2008-Ohio-4912, 896 N.E.2d 124, ¶4. "The first step is to 'examine the sentencing court's compliance with all applicable rules and statutes in imposing the sentence to determine whether the sentence is clearly and convincingly contrary to law.'" *State v. Stevens*, 179 Ohio App.3d 97, 2008-Ohio-5775, 900 N.E.2d 1037, ¶4 (2d Dist.), quoting *id.* "If this step is satisfied, the second step requires that the trial court decision be 'reviewed under an

abuse-of-discretion standard.'" *Id.*, quoting *Kalish* at ¶4.

{¶ 7}    "The trial court has full discretion to impose any sentence within the authorized statutory range, and the court is not required to make any findings or give its reasons for imposing maximum or more than minimum sentences. * * * However, the trial court must comply with all applicable rules and statutes, including R.C. 2929.11 and R.C. 2929.12." (Citations omitted) *State v. King*, 2013-Ohio-2021, __ N.E.2d __, ¶45 (2d. Dist.).

{¶ 8}    Effective September 30, 2011, Ohio law requires judicial fact-finding for consecutive sentences. *Id.* at ¶46. Specifically, a trial court must find "that the consecutive service is necessary to protect the public from future crime or to punish the offender and that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public[.]" R.C. 2929.14(C)(4). A trial court also must find at least one of the following:

(a) The offender committed one or more of the multiple offenses while the offender was awaiting trial or sentencing, was under a sanction imposed pursuant to section 2929.16, 2929.17, or 2929.18 of the Revised Code, or was under post-release control for a prior offense.

(b) At least two of the multiple offenses were committed as part of one or more courses of conduct, and the harm caused by two or more of the multiple offenses so committed was so great or unusual that no single prison term for any of the offenses committed as part of any of the courses of conduct adequately reflects the seriousness of the offender's conduct.

(c) The offender's history of criminal conduct demonstrates that

consecutive sentences are necessary to protect the public from future crime by the offender.

*Id.*

{¶ 9} Here the trial court considered the statutory principles and purposes of sentencing, as well as the seriousness and recidivism factors. (Sentencing Tr. at 29-30; Judgment Entry, Doc. #41, at 3, 5). It also made the requisite findings for consecutive sentences. (Sentencing Tr. at 33-34; Judgment Entry, Doc. #41, at 5). The issue raised in Forney's appellate brief is whether the trial court abused its discretion in applying the statutory sentencing criteria.[1] We conclude that it did not.

{¶ 10} With regard to consecutive sentencing, the trial court made the following findings pursuant to R.C. 2929.14(C)(4):

> The Court finds that consecutive service is necessary to protect the public from future crime and to punish the Defendant and that consecutive sentences are not disproportionate to the seriousness of the Defendant's conduct and to the danger the Defendant poses to the public[,] and at least two of the multiple offenses were committed as part of one or more courses of conduct, and the harm cause by two or more of the multiple offenses was so great or unusual that no single prison term for any of the offenses adequately reflects the seriousness of the

---

[1] Under certain circumstances, a criminal sentence may be challenged under something other than an abuse-of-discretion standard. *See*, *e.g.*, *State v. Mays*, 2d Dist. Montgomery No. 24923, 2012-Ohio-3602, ¶5, discussing appeals brought under R.C. 2953.08. Here, however, Forney expressly addresses his assignments of error under the abuse-of-discretion standard. The first assignment of error is "[w]hether the trial court abused its discretion in imposing consecutive sentences on Appellant on Counts Three, Six, Eight, and Nine of the indictment." The second assignment of error is "[w]hether the trial court's imposition of maximum sentences on Appellant constituted an abuse of discretion by the trial court." (Appellant's brief at 2).

Defendant's conduct.

(Doc. #41 at 5).

{¶ 11} The record before the trial court supports its findings. As Forney notes on appeal, the trial court gave great weight to what it perceived as the relative seriousness of his conduct. The trial court recognized Forney's lack of a prior criminal record, and it agreed with him that recidivism appeared "less likely" under the statutory factors. (Hearing Tr. at 29-30). With regard to the statutory "seriousness" factors, however, the trial court stated: "[T]here's no way that the Court can consider your conduct of a less serious nature." (*Id*. at 30).

{¶ 12} The statutory "seriousness" factors in R.C. 2929.12 are as follows:

(B) The sentencing court shall consider all of the following that apply regarding the offender, the offense, or the victim, and any other relevant factors, as indicating that the offender's conduct is more serious than conduct normally constituting the offense:

(1) The physical or mental injury suffered by the victim of the offense due to the conduct of the offender was exacerbated because of the physical or mental condition or age of the victim.

(2) The victim of the offense suffered serious physical, psychological, or economic harm as a result of the offense.

(3) The offender held a public office or position of trust in the community, and the offense related to that office or position.

(4) The offender's occupation, elected office, or profession obliged the offender to prevent the offense or bring others committing it to justice.

(5) The offender's professional reputation or occupation, elected office, or profession was used to facilitate the offense or is likely to influence the future conduct of others.

(6) The offender's relationship with the victim facilitated the offense.

(7) The offender committed the offense for hire or as a part of an organized criminal activity.

(8) In committing the offense, the offender was motivated by prejudice based on race, ethnic background, gender, sexual orientation, or religion.

(9) If the offense is a violation of section 2919.25 or a violation of section 2903.11, 2903.12, or 2903.13 of the Revised Code involving a person who was a family or household member at the time of the violation, the offender committed the offense in the vicinity of one or more children who are not victims of the offense, and the offender or the victim of the offense is a parent, guardian, custodian, or person in loco parentis of one or more of those children.

(C) The sentencing court shall consider all of the following that apply regarding the offender, the offense, or the victim, and any other relevant factors, as indicating that the offender's conduct is less serious than conduct normally constituting the offense:

(1) The victim induced or facilitated the offense.

(2) In committing the offense, the offender acted under strong provocation.

(3) In committing the offense, the offender did not cause or expect to cause physical harm to any person or property.

(4) There are substantial grounds to mitigate the offender's conduct, although the grounds are not enough to constitute a defense.

R.C. 2929.12(B) and (C).

{¶ 13} Forney argues that none of the R.C. 2929.12(B) factors making an offense "more serious" apply to him. He stresses that victim Jessica Sacco already was dead when he committed his crimes and that nothing about his occupation or relationship to Sacco contributed to the offense. Given the nature of Forney's crimes, we agree that the enumerated factors in R.C. 2929.12(B) have little applicability. But the trial court also was entitled to consider "any other relevant factors * * * indicating that the offender's conduct is more serious than conduct normally constituting the offense." R.C. 2929.12(B).

{¶ 14} As set forth above, Forney was convicted of failure to report a crime, abuse of a corpse, gross abuse of a corpse, obstructing justice, and complicity to evidence tampering. Based on the disturbing facts before us, we have no trouble concluding that Forney's conduct was more serious than conduct normally constituting these offenses. The trial court also correctly observed that Forney had several opportunities to stop what he was doing and to report what had occurred. Instead, he engaged in unspeakable acts over an extended time period and exhibited a level of coldness and depravity that reasonably warranted the aggregate sentence he received. We see no error in the trial court's evaluation of the statutory seriousness and recidivism factors, in its decision to impose maximum sentences, or in its consecutive-sentence findings pursuant to R.C. 2929.14(C)(4).

{¶ 15} Forney's citation to *State v. Nichols*, 195 Ohio App.3d 323, 2011-Ohio-4671, 959 N.E.2d 1082 (2d Dist.), fails to persuade us otherwise. In *Nichols*, this court reversed the imposition of maximum, consecutive sentences on multiple counts of gross sexual imposition. In

so doing, this court found that the defendant's conduct was not more serious than conduct normally constituting the offense. In contrast, the record before us reasonably supports a finding that Forney's role in the brutal dismemberment, transportation, and concealment of Sacco's body over a period of days was more serious than conduct normally constituting the offenses of failure to report a crime, abuse of a corpse, gross abuse of a corpse, obstructing justice, and complicity to evidence tampering. Therefore, *Nichols* is distinguishable. The first and second assignments of error are overruled.

{¶ 16}   In his third assignment of error, Forney contends the trial court erred in failing to merge count three (gross abuse of a corpse) and count six (obstructing justice) as allied offenses of similar import under R.C. 2941.25(A). Because Forney preserved his allied-offense argument below, we review the trial court's merger ruling de novo. *State v. Willis*, 12th Dist. Butler No. CA2012-08-155, 2013-Ohio-2391, ¶32-34; *State v. Williams*, 134 Ohio St.3d 482, 2012-Ohio-5699, 983 N.E.2d 1245, ¶12.

{¶ 17}   Count three of the indictment alleged:

That ANDREW PETER FORNEY, on or about March 22, 2012, through March 24, 2012, at Champaign County, Ohio, did except as authorized by law, recklessly treat a human corpse in a way that would outrage reasonable community sensibilities;

to wit: dismembering the body of Jessica Rae Sacco and disposing [of] her severed limbs and fingers * * *.

(Doc. #1 at 2).

{¶ 18}   Count six of the indictment alleged:

That ANDREW PETER FORNEY, on or about March 22, 2012, through

March 24, 2012, at Champaign County, Ohio, did with purpose to hinder the discovery, apprehension, prosecution, conviction, or punishment of another for crime or to assist another to benefit from the commission of a crime, did destroy or conceal physical evidence of the crime or act, or induce any person to withhold testimony or information or to elude legal process summoning the person to testify or supply evidence;

the crime committed by the person aided is aggravated murder, murder, or a felony of the first or second degree,

to wit: with purpose to hinder the discovery and apprehension of Matthew Starr Puccio for the crimes of Felonious Assault in violation of R.C. 2903.11(A)(2)(D)(1)(a) and Aggravated Murder in violation of R.C. 2903.01(A)(F)/2929.03(A), you destroyed and concealed physical evidence of the crimes by (1) participating in carrying the deceased body of Jessica Rae Sacco from her bed to the bath tub and (2) participating in the altering by dismemberment of the deceased Jessica Rae Sacco so as to thwart law enforcement attempts to obtain the personal identification of the deceased and in turn, develop evidence into the cause of her death and the injury to her torso * * *.

(*Id*. at 3).

{¶ 19} The allied-offense statute, R.C. 2941.25, provides:

(A) Where the same conduct by defendant can be construed to constitute two or more allied offenses of similar import, the indictment or information may contain counts for all such offenses, but the defendant may be convicted of only one.

(B) Where the defendant's conduct constitutes two or more offenses of dissimilar import, or where his conduct results in two or more offenses of the same or similar kind committed separately or with a separate animus as to each, the indictment or information may contain counts for all such offenses, and the defendant may be convicted of all of them.

{¶ 20}  In *State v. Johnson*, 128 Ohio St.3d 153, 2010-Ohio-6314, 942 N.E.2d 1061, the Ohio Supreme Court announced a new test for determining when offenses are allied offenses of similar import that must be merged pursuant to R.C. 2941.25. Johnson held: "When determining whether two offenses are allied offenses of similar import subject to merger under R.C. 2941.25, the conduct of the accused must be considered." *Id.* at syllabus. It explained:

Under R.C. 2941.25, the court must determine prior to sentencing whether the offenses were committed by the same conduct. Thus, the court need not perform any hypothetical or abstract comparison of the offenses at issue in order to conclude that the offenses are subject to merger.

In determining whether offenses are allied offenses of similar import under R.C. 2941.25(A), the question is whether it is possible to commit one offense and commit the other with the same conduct, not whether it is possible to commit one without committing the other. * * * If the offenses correspond to such a degree that the conduct of the defendant constituting commission of one offense constitutes commission of the other, then the offenses are of similar import.

If the multiple offenses can be committed by the same conduct, then the court must determine whether the offenses were committed by the same conduct, i.e., "a single act, committed with a single state of mind." * * *

If the answer to both questions is yes, then the offenses are allied offenses of similar import and will be merged.

Conversely, if the court determines that the commission of one offense will never result in the commission of the other, or if the offenses are committed separately, or if the defendant has separate animus for each offense, then, according to R.C. 2941.25(B), the offenses will not merge.

(Citations and quotations omitted) *Id.* at ¶47-51.

{¶ 21} Upon review, we reject Forney's argument that counts three and six of his indictment are allied offenses. Count six charged him with obstructing justice by moving Sacco's body from the bedroom to the bathroom and dismembering it. Count three charged him with abusing a corpse by dismembering and disposing of Sacco's body. Admittedly, both counts involved dismembering Sacco's body. We do not dispute that Forney's act of dismembering a body can constitute abuse of a corpse and obstruction of justice.

{¶ 22} We note, however, that count six also involved *moving* Sacco's body from the bedroom (where she apparently died) to the bathroom (where she was dismembered), whereas count three involved *disposing* of the body. Based on the record before us, disposal of the body appears to have occurred in Butler County days after it was moved from the bedroom to the bathroom of the Champaign County residence where it was dismembered. Because these events were separated by a significant amount of time and distance, we conclude that they involved separate conduct. In short, abusing the corpse by disposing of Sacco's body in Butler County was a separate and distinct act from moving her body into the bathroom in Champaign County to dismember it. Therefore, the trial court properly declined to merge counts three and six as allied offenses under R.C. 2941.25. The third assignment of error is overruled.

{¶ 23}  In his fourth assignment of error, Forney claims the trial court erred in failing to merge count eight (complicity to evidence tampering) and count nine (obstructing justice) as allied offenses of similar import under R.C. 2941.25(A).

{¶ 24}  Count eight of the indictment alleged:

That ANDREW PETER FORNEY, on or about March 22, 2012, through March 24, 2012, at Champaign County, Ohio, did acting with the kind of culpability required for the commission of an offense, did aid or abet another in committing the offense of Tampering with Evidence, in violation of R.C. 2921.12(A)(1)(B), to wit: knowing that an official proceeding or investigation is in progress, or is about to be or likely to be instituted, did alter, destroy, conceal, or remove any record, document, or thing, with purpose to impair its value or availability as evidence in such proceeding or investigation,

to wit: you aided and abetted Matthew Starr Puccio in committing the offense of Tampering with Evidence in violation of R.C. 2921.12(A)(1)(B) by using your motor vehicle, a 2001 maroon Chevrolet Venture van * * * to removed and transported [sic] the severed limbs and fingers of the deceased Jessica Ray Sacco from her residence in Urbana, Champaign County, Ohio, to Hamilton, Butler County, Ohio for the purpose of furthering the commission of felony three Tampering with Evidence in violation of R.C. 2921.12(A)(1)(B) * * *.

(Doc. #1 at 4).

{¶ 25}  Count nine of the indictment alleged:

That ANDREW PETER FORNEY, on or about March 22, 2012, through March 24, 2012, at Champaign County, Ohio, did with purpose to hinder the

discovery, apprehension, prosecution, conviction, or punishment of another for crime or to assist another to benefit from the commission of a crime, did provide the other person with money, transportation, a weapon, a disguise, or other means of avoiding discovery or apprehension;

the crime committed by the person aided is aggravated murder, murder, or a felony of the first or second degree,

to wit: with purpose to hinder the discovery and apprehension of Matthew Starr Puccio for the crimes of Felonious Assault in violation of R.C. 2903.11(A)(2)(D)(1)(a) and Aggravated Murder in violation of R.C. 2903.01(A)(F)/2929.03(A), you provided Matthew Starr Puccio with transportation in your motor vehicle, a 2001 maroon Chevrolet Venture van * * *from the scene of a homicide at 625 West Light Street, Urbana, Champaign County, Ohio, to the residence located at 318 North 11th Street, Hamilton, Butler County, Ohio, so as to help him avoid detection by law enforcement authorities[.]

(*Id*. at 5).

{¶ 26} Count eight charged Forney with complicity to evidence tampering by transporting Sacco's body to Butler County. Count nine charged him with obstructing justice by transporting co-defendant Puccio to Butler County. Although Forney engaged in a single act of driving to Butler County, he transported two different things, Sacco's body and Puccio, with a separate animus for each one. According to the indictment, he transported the body to impair its availability as evidence. He transported Puccio to hinder Puccio's discovery and apprehension by law enforcement. Under these circumstances, the trial court correctly found no allied offenses. The fourth assignment of error is overruled.

**{¶ 27}** The judgment of the Champaign County Common Pleas Court is affirmed.

. . . . . . . . . . . . .

FAIN, P.J., and DONOVAN, J., concur.

copies mailed to:

Kevin S. Talebi
Jane A. Napier
Brian A. Smith
Hon. Nick A. Selvaggio