[Cite as *State v. Cade*, 2013-Ohio-5162.]

# IN THE COURT OF APPEALS OF OHIO
## SECOND APPELLATE DISTRICT
## CLARK COUNTY

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| | : | Appellate Case No. 2012-CA-72 |
| Plaintiff-Appellee | : | |
| | : | Trial Court Case No. 2012-CR-158 |
| v. | : | |
| | : | |
| LINDSAY THOMAS CADE, III | : | (Criminal Appeal from |
| | : | Common Pleas Court) |
| Defendant-Appellant | : | |
| | : | |

· · · · · · · · · ·

# O P I N I O N

Rendered on the 22nd day of November, 2013.

· · · · · · · · · ·

LISA M. FANNIN, Atty. Reg. #0082337, Clark County Prosecutor's Office, 50 East Columbia Street, 4th floor, Post Office Box 1608, Springfield, Ohio 45501
　　　Attorney for Plaintiff-Appellee

BRIAN A. MUENCHENBACH, Atty. Reg. #0088722, 130 West Second Street, Suite 2103, Dayton, Ohio 45402
　　　Attorney for Defendant-Appellant

· · · · · · · · · · · ·

HALL, J.,

{¶ 1}　　Lindsay Thomas Cade appeals from his conviction and sentence on charges of receiving stolen property and forgery.

{¶ 2} In his sole assignment of error, Cade contends the trial court erred in failing to make the findings required for maximum, consecutive sentences.

{¶ 3} The record reflects that a jury found Cade guilty of the foregoing offenses, which involved receiving and then using a stolen credit card. At sentencing, the trial court discussed the "seriousness" and "recidivism" factors under R.C. 2929.12. (Sentencing Tr. at 9-12). It noted that Cade was on post-release control at the time of his offenses. It also outlined his lengthy criminal history and multiple prior prison terms. (*Id*.). The trial court then imposed maximum, consecutive twelve-month prison sentences for the two fifth-degree felony convictions. In support of consecutive sentences, it stated: "The Court finds, having found the Defendant committed these two offenses, he was under post-release control, also finds that the Defendant's history of criminal conduct demonstrates that consecutive sentences are necessary." (*Id*. at 12-13).

{¶ 4} In its written judgment entry, the trial court indicated that it had considered, among other things, the purposes and principles of sentencing and the seriousness and recidivism factors. With regard to its imposition of consecutive sentences, the trial court stated: "The offender committed one or more of the multiple offenses while the offender was under post-release control for a prior offense. The offender's history of criminal conduct demonstrates the consecutive sentences are necessary to protect the public from future crime by the offender." (Doc. #16 at 2).

{¶ 5} On appeal, Cade challenges the trial court's sentencing decision. Specifically, he contends the trial court "failed to make the requisite fact finding and consider the appropriate factors under R.C. 2929.12, R.C. 2929.14, and R.C. 2929.41 to demand the imposition of maximum consecutive sentences." (Appellant's brief at 2).

{¶ 6} We review a felony sentence using a two-step procedure. *State v. Kalish*, 120

Ohio St.3d 23, 2008-Ohio-4912, 896 N.E.2d 124, ¶4. "The first step is to 'examine the sentencing court's compliance with all applicable rules and statutes in imposing the sentence to determine whether the sentence is clearly and convincingly contrary to law.'" *State v. Stevens*, 179 Ohio App.3d 97, 2008-Ohio-5775, 900 N.E.2d 1037, ¶4 (2d Dist.), quoting *id*. "If this step is satisfied, the second step requires that the trial court's decision be 'reviewed under an abuse-of-discretion standard.'" *Id.*, quoting *Kalish* at ¶ 4.

{¶ 7}     "The trial court has full discretion to impose any sentence within the authorized statutory range, and the court is not required to make any findings or give its reasons for imposing maximum or more than minimum sentences. * * * However, the trial court must comply with all applicable rules and statutes * * *."     (Citations omitted.) *State v. King*, 2013-Ohio-2021, 992 N.E.2d 491, ¶45 (2d. Dist.). Effective September 30, 2011, Ohio law requires judicial fact-finding for consecutive sentences. *Id*. at ¶46. Specifically, a trial court must find "that the consecutive service is necessary to protect the public from future crime or to punish the offender and that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public * * *." R.C. 2929.14(C)(4). A trial court also must find at least one of the following:

> (a) The offender committed one or more of the multiple offenses while the offender was awaiting trial or sentencing, was under a sanction imposed pursuant to section 2929.16, 2929.17, or 2929.18 of the Revised Code, or was under post-release control for a prior offense.

> (b) At least two of the multiple offenses were committed as part of one or more courses of conduct, and the harm caused by two or more of the multiple

offenses so committed was so great or unusual that no single prison term for any of the offenses committed as part of any of the courses of conduct adequately reflects the seriousness of the offender's conduct.

(c) The offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender.

*Id.*

**{¶ 8}** Cade first challenges the trial court's evaluation of the R.C. 2929.12 "seriousness" and "recidivism" factors. We see no error in this aspect of the trial court's decision. A trial court is not required to make any findings under R.C. 2929.12. *State v. Smith*, 2d Dist. Clark No. 2012 CA 67, 2013 WL 3193679, *4 (June 21, 2013). We even will presume from a silent record that the seriousness and recidivism factors were considered. *Id.* Here, however, the trial court *did* discuss the seriousness and recidivism factors and make corresponding findings. The trial court found no factors making Cade's offenses more serious. It found one factor making the offenses less serious. (Sentencing Tr. at 9). The trial court's sentencing decision appears to have been driven primarily by its evaluation of the recidivism factors. After pointing out that Cade was on post-release control at the time of his offenses and detailing his extensive criminal record, the trial court found that the recidivism factors "indicate a great likelihood of re-offending." (*Id*. at 12). The record fully supports this determination. In addition to being on post-release control when he committed the present offenses, Cade had prior convictions for robbery, passing bad checks, fleeing and eluding, receiving stolen property, burglary, resisting arrest, forgery, breaking and entering, theft, obstructing official business, and felonious assault.

(*Id.* at 10-11). The trial court complied with the law by considering the seriousness and recidivism factors, and we see no abuse of discretion in its evaluation of them.

{¶ 9} The primary issue Cade raises on appeal concerns the trial court's imposition of consecutive sentences. He notes that R.C. 2929.41(A) provides for concurrent sentences unless an enumerated exception applies. One such exception is found in R.C. 2929.14(C)(4), which authorizes consecutive sentences when the required findings mentioned above are made. Cade claims the trial court did not make those findings. We agree.

{¶ 10} To impose consecutive sentences under R.C. 2929.14(C)(4), the trial court was required to find such sentences "necessary to protect the public from future crime or to punish the offender." It also was required to find that such sentences "are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public * * *." Finally, it was required to make one of three findings under R.C. 2929.14(C)(4)(a), (b), or (c).

{¶ 11} At the sentencing hearing, the trial court did not make all of the required findings. It did find that Cade was on post-release control at the time of his offenses. This finding satisfied R.C. 2929.14(C)(4)(a). The trial court failed, however, to find that consecutive sentences were "necessary to protect the public from future crime or to punish the offender." It simply found that "the Defendant's history of criminal conduct demonstrates that consecutive sentences are necessary." (Sentencing Tr. at 12-13). Arguably, we might infer that the trial court found consecutive sentences necessary to protect the public from future crime based on its reference to Cade's "history of criminal conduct."

{¶ 12} A greater problem is the trial court's failure to find that consecutive sentences

were "not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public * * *." Even if it can be appropriate to infer the findings required by R.C. 2929.14(C)(4), which is questionable,[1] we cannot confidently infer from the record that the trial court believed consecutive sentences were not disproportionate to the seriousness of Cade's conduct. The record reflects that he was convicted of receiving a stolen credit card and using it at a pharmacy to purchase $80.24 worth of merchandise. When discussing the statutory "seriousness" factors under R.C. 2929.12, the trial court found *no* factors present making Cade's conduct "more serious." It found the presence of one factor making his conduct "less serious." It nevertheless imposed maximum twelve-month prison sentences for the two fifth-degree felonies and ordered them served consecutively. The State argues that, on the record before it, the trial court did not abuse its sentencing discretion. Absent a finding that consecutive sentences were not disproportionate to the seriousness of Cade's conduct and to the danger he poses to the public, however, imposing consecutive sentences was contrary to law—regardless of whether the evidence might support consecutive sentences if the requisite findings were made. Accordingly, Cade's assignment of error is sustained.

{¶ 13} The trial court's judgment is reversed with respect to Cade's sentence, and the

---

[1] *See State v. Wills*, 2d Dist. Montgomery No. 25357, 2013-Ohio-4507, ¶31 ("The State asserts that the findings necessary for the imposition of consecutive sentences are 'implicit in the court's remarks at sentencing.' While the trial court was not required to recite the exact language of R.C. 2929.14(C)(4), the trial court was nevertheless required to make the specific findings required by the statute, and we are hesitant to impute our interpretation to the trial court's comments."); *State v. Venes*, 2013-Ohio-1891, 992 N.E.2d 453, ¶14, 17 (8th Dist.) ("R.C. 2929.14(C)(4) requires the court to make specific 'findings.' In the past, we have found those findings can be implicit in context when the court's statements during sentencing are intended to encompass the relevant provisions of the sentencing statutes. * * * But in doing so, we have arguably frustrated the purposes underlying the requirement for findings as a predicate for ordering consecutive sentences. * * * Too often, we have been called to examine words or phrases scattered throughout a sentencing transcript and piece them together to decide whether the court made the required findings."); *but see State v. Temple*, 2d Dist. Clark No. 2012-CA-65, 2013-Ohio-3843, ¶22-26 (seemingly inferring the consecutive-sentence findings from the trial court's sentencing remarks).

cause is remanded for the trial court to consider whether consecutive sentences are appropriate under R.C. 2929.14(C)(4) and, if so, to make all required findings on the record.

. . . . . . . . . . . . .

FAIN, P.J., and GALLAGHER, J., concur.

(Hon. Eileen A. Gallagher, Eighth District Court of Appeals, sitting by assignment of the Chief Justice of the Supreme Court of Ohio).

Copies mailed to:

Lisa M. Fannin
Brian A. Muenchebach
Hon. Richard J. O'Neill