[Cite as *State v. Richardson*, **2013-Ohio-1374**.]

IN THE COURT OF APPEALS FOR MONTGOMERY COUNTY, OHIO

STATE OF OHIO                     :

    Plaintiff-Appellee           :                C.A. CASE NO.    23879

v.                               :                T.C. NO.    09CR658

DEJARVUS L. RICHARDSON            :                (Criminal appeal from
                                                   Common Pleas Court)

    Defendant-Appellant          :

                                 :

. . . . . . . . . .

# **O P I N I O N**

Rendered on the ____5th____ day of ____April____, 2013.

. . . . . . . . . .

ANDREW T. FRENCH, Atty. Reg. No. 0069384, Assistant Prosecuting Attorney, 301 W. Third Street, 5th Floor, Dayton, Ohio 45422
    Attorney for Plaintiff-Appellee

MICHAEL H. HOLZ, Atty. Reg. No. 0031902, 507 Wilmington Avenue, Suite 2, Dayton, Ohio 45420
    Attorney for Defendant-Appellant

DEJARVUS L. RICHARDSON, #619705, Lebanon Correctional Institute, P. O. Box 56, Lebanon, Ohio 45036
    Defendant-Appellant

. . . . . . . . . .

DONOVAN, J.

{¶ 1}    This matter is before the Court on the Notice of Appeal of Dejarvus Richardson, filed by appellate counsel on February 16, 2010, pursuant to *Anders v. California* (1976), 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493. This Court, after thoroughly reviewing the record pursuant to our duties under *Anders*, found that an issue having arguable merit existed, namely whether Richardson's breach of his plea agreement was affirmatively established.  Pursuant to the agreement, Richardson agreed to cooperate with the probation department in the completion of a presentence investigation report ("PSI") and stay out of trouble in exchange for an eight month sentence on two counts of receiving stolen property. This Court set aside the *Anders* brief that was filed and appointed new counsel to represent Richardson.  Appointed counsel asserts that Richardson "did breach his plea agreement with the court which did not abuse its discretion in the sentence imposed, even though it was severe."  Richardson subsequently filed a pro se brief asserting five assignments of error.  We hereby affirm the judgment of the trial court and Richardson's 30 month sentence.

{¶ 2}    Richardson pled guilty, on December 16, 2009, to one count of receiving stolen property, in violation of R.C. 2913.51(A), a felony of the fifth degree, and one count of receiving stolen property (motor vehicle), a felony of the fourth degree; two other counts in the indictment were dismissed.  Before stating the plea agreement on the record, the court indicated, "I'm going to have a short form, Pre-Sentence Investigation Report, done.  I know the sentence.  I don't need all the background and all, but I want a verification that your record doesn't have any surprises in it."  The court then recited the plea agreement as follows: "If you show up as expected, cooperate with the Probation Department, do not get

into any new trouble between now and sentencing and show up in four weeks on the 13th, I will sentence you to eight months concurrent on those two counts." The court further indicated, "If any of those things don't occur, then the pleas stay and I can sentence you to anything I want up to two-and-a-half years." Richardson indicated his understanding of the plea agreement on the record before entering his pleas.

{¶ 3} The PSI ordered at the time of Richardson's pleas is part of the record before us, and it provides in part as follows:

> * * * Dejarvus L. Richardson was instructed to report for his presentence investigation interview on December 23, 2009 at 9 a.m. Mr. Richardson failed to report on that date and did not contact this officer to reschedule or to give a reason as to why he did not appear. However, the following day (December 24, 2009), Mr. Richardson did phone the Division of Court Services, and as this officer was away on vacation, spoke with a different investigative officer who rescheduled Mr. Richardson's presentence investigation interview for January 4, 2010 at 9 a.m. Again, on this date, Mr. Richardson failed to appear as required. The following day (January 5, 2010), Mr. Richardson appeared, unannounced, at approximately 10 a.m. for his presentence investigation interview. Upon realizing Mr. Richardson was present, this officer explained to him he had been rescheduled on more than one occasion, had an agreement in place that he was to cooperate with the presentence investigation, and had allowed too much time to elapse for the presentence investigation to be properly completed. Mr. Richardson was

instructed at that time to simply appear in court for final disposition.

On Monday January 11, 2010 it was learned Mr. Richardson was arrested on January 8, 2010 as he was driving a vehicle stolen from the state of Kentucky.  According to the police report, Mr. Richardson rented a 2010 Kia Sportage from Hertz Rental Cars, 3286 Loomis Ln., Hebron Kentucky, on September 21, 2009.  Mr. Richardson failed to return the vehicle on the specified date of return per the contract with Hertz.  At this time the vehicle was reported as stolen.  On January 8, 2010 officers of the Dayton Police Department attempted to initiate a traffic stop on the vehicle driven by Mr. Richardson.  Mr. Richardson attempted to elude officers before bailing from the vehicle, leaving it running and two (2) passengers inside.  Within minutes officers were able to apprehend Mr. Richardson after he was found hiding in a nearby doghouse.

* * * Mr. Richardson was not compliant with this officer and has incurred an additional arrest for a similar offense.  Given his past criminal activities, he is well versed with the Criminal Justice System and knew well what was expected of him. * * *

{¶ 4}    Richardson failed to appear for sentencing on January 13, 2010, and the court ordered that an updated PSI be completed prior to final disposition.  The sentencing hearing was rescheduled for January 20, 2010.   On that date, counsel for Richardson advised the court that Richardson had "some issues" between the plea hearing and the date of the original sentencing, namely that "his grandmother had passed away and he was

involved in a car accident the day before he was supposed to report to probation for the PSI. He also indicates that there was a mix-up with regard to Hertz Rental Car Agency in Kentucky; that he had been renting a car from them continuously since September of last year." Defense counsel stated that Richardson "had reached his limit on the credit card and that generated the most recent charge, which I believe is receiving stolen property." Defense counsel stated that Richardson failed to appear for sentencing "because he was being detained as a result of that particular charge." Defense counsel urged the court to abide by the terms of the plea agreement.

{¶ 5} Richardson stated that he missed his first appointment with the probation department because he had a doctor's appointment that day. Richardson then stated as follows:

> And I went to that doctor's appointment. That same day I had my wife call them and she said to tell me to call them the next day. The next day I called the gentleman; the gentleman rescheduled it. Once - - once the day - -the same day that he rescheduled it, I was takin' my grand - - my great-grandmother from Middletown, coming through Middletown in Vera Parkway and Route 4, and I got hit.
>
> It was a lot of ice and whatnot and * * * I got hit and she didn't die in the car, but she died when we got to Atrium. And then I stayed there until four o'clock that day.

{¶ 6} Regarding the new charge of receiving stolen property, Richardson advised the court as follows:

* * * I've been renting from Hertz for four years. I have never had a problem with Hertz. This is the first time I've ever had any issues with - - with renting from Hertz. They do have my credit card number and I rent from them on a monthly basis. I've always done that. I been leasing from them for about three years. I've never had my own vehicle to myself. They've always charged me and I've never had any problems with them.

{¶ 7} The court noted as follows before imposing sentence:

THE COURT: But let's start from the beginning. Okay. You pled to receiving stolen property, F-5, and receiving stolen property, motor vehicle, F-4. The deal being I would give you eight months as long as you showed up for your appointments, cooperated with probation, did not get in any more trouble.

THE DEFENDANT: Yes, ma'am.

THE COURT: On December 23rd you were supposed to appear at 9:00 a.m. Now, if you had a doctor's appointment on that day, if it was first thing in the morning, you could have called the day before. You didn't show up. I believe you called the next day.

And you were rescheduled for January 4th, again at nine o'clock. So, if you had another problem at nine o'clock in the morning, it's early enough that if it was scheduled at least the day before you could have called. But did you? No.

You failed to appear and apparently later the next day, you came when no one was ready for you and then that was the last of you.

On Monday, January 11th * * * it was learned you were arrested on January 8th while driving a vehicle stolen from Kentucky. According to them - - and this isn't part of my consideration in case this ever goes up on appeal. I don't want the Court of Appeals to think I'm basing your sentence on this. I just want you to know the differences here.

THE DEFENDANT: M-hum.

THE COURT: According to this, you rented a car on September 21st, 2009, not four years ago. And you failed to return it.

* * *

THE COURT: And then you were - - when Dayton police officers tried to initiate a traffic stop, you attempted to elude them, leaving it running with two passengers inside, et cetera, et cetera.

Now, in light of failing to appear as required and therefore not cooperating and getting in trouble again, I believe the eight months is pretty much off the table and I can do what I want.

{¶ 8} The court then noted that in the instant fourth degree felony offense of receiving stolen property, Richardson stole property from the home of a friend where he had been staying, and that in the course of the fifth degree felony offense, involving the theft of a motor vehicle from Matt Castucci's Auto Mall, Richardson represented himself as "a driver security person for federal Judge Walter Rice." The court then noted that four offenses appear on Richardson's juvenile record, "two of them being gross sexual imposition, one being breaking and entering." The court noted that Richardson's adult record contained "a number of misdemeanors" and then enumerated his felony and federal record as follows:

* * * 2004, receiving stolen property. Defendant stole a vehicle from Reichard Buick dealership. Defendant in possession of fraudulent paperwork and materials from the Dayton Police Department claiming (indiscernible) assistant sergeant.

2005, receiving stolen property. Defendant arrested for grand theft auto and found in possession of a stolen credit card in the name of Renal Peener (phonetic).

2005, theft of U.S. Government property. Defendant stole a vehicle from the United States Navy Recruiting Office and once vehicle was found, defendant found in possession of Department of Defense identification card, keys to the vehicle, a government credit card in the name of Renal Peener, a fake replica of a Baretta nine millimeter weapon in the glovebox, three bags of clothing, along with several folders containing miscellaneous credit card identification numbers.

* * *

As far as your federal parole, on January 12th, 2007, you were released from federal incarceration and placed on 36 months of supervised release. You are supervised by Melissa Dues * * *, used to work for our department, good lady. She says, Mr. Richardson has been in no way compliant while under supervision. She stated the defendant is a serious con man and people are not taking him serious enough.

Ms. Dues continued that the defendant is quite computer savvy and

constantly misrepresenting himself as someone he is not, usually claiming grandiose alter egos usually related to law enforcement officials. Substantiated by your record and the facts of the things, you were either found guilty or pled guilty to. (Sic)

She stated that you are routinely misrepresenting yourself and also claim to have numerous fraudulent business ventures. She strongly urged the maximum length of incarceration in the instant offense. And there's other indications of how you haven't been very good on probation anywhere.

So, sir, I told you at the time of your plea, show up, cooperate, don't get in trouble again, won't look past the agreed sentence. I also told you if you didn't do that and I found out about it, the plea stands and I sentence you to what I want.

Based upon this, I believe you are a danger to this community. You apparently like stealing cars. You apparently have a real problem with the truth. You're one of those people if you told me today was Wednesday, I'd look at a calendar.

{¶ 9} The court then proceeded without objection to sentence Richardson to 12 months on the fifth degree felony and 18 months on the fourth degree felony, to be served consecutively.

{¶ 10} As noted above, Richardson in his pro se brief asserts five assignments of error. For ease of analysis, we will first consider his second assigned error. It is as follows:

"THE COURT'S IMPOSED SENTENCE WAS EXCESSIVE, UNREASONABLE,

DISPROPORTIONATE AND A FINANCIAL BURDEN ON THE STATE OF OHIO."

{¶ 11}    Richardson asserts that he did not violate the terms of the plea agreement

and that the court accordingly should have imposed the agreed upon sentence of eight

months. Richardson asserts that he failed to appear at probation on January 4, 2010, due to a

car accident and his grandmother's death, that he did appear on January 5, 2010, and "the

fact that the probation people were not ready for him is not at the deliberate fault of the

appellant."    Richardson asserts that the facts regarding his car accident and his

grandmother's death are "public record."   Richardson asserts that his failure to appear at

sentencing should have been addressed with a contempt of court citation.   Richardson states

that at the time of his original sentencing, he "was already in custody for the case he was in

the trial court for because he violated that bond. * * * The record reflected that the defendant

was in custody in the Montgomery County Jail on that morning, and, without his knowledge,

another traffic court came and took him into custody."    Richardson asserts that his sentence

is "entirely disproportionate with similar penalties frequently assigned for a defendant[']s

failure to appear in court," and that the court essentially sentenced him to 22 months for

failure to appear.   Richardson directs our attention to the court's statement that it did not

"want the Court of Appeals to think I'm basing your sentence" on his January 8, 2010 arrest,

as well as the court's statement that, "in light of failing to appear as required and therefore

not cooperating and getting in trouble again, I believe that eight months is pretty much off

the table and I can do what I want," and he asserts that the court "stated that the charge was

not a factor in sentencing and then later, on the record, said the complete opposite."

Richardson asserts that he did not "get into any new trouble," and that the receiving stolen

property charge based upon the theft of the Hertz rental car was dismissed prior to sentencing.

{¶ 12}   As this Court has previously noted:

We review a felony sentence using a two-step procedure. *State v. Kalish*, 120 Ohio St.3d 23, 2008-Ohio-4912, 896 N.E.2d 124,¶ 4. "The first step is to examine the sentencing court's compliance with all applicable rules and statutes in imposing the sentence to determine whether the sentence is clearly and convincingly contrary to law." *State v. Stevens*, 179 Ohio App.3d 97, 2008-Ohio-5775, 900 N.E.2d 1037, ¶ 4 (2d Dist.), quoting *Kalish* at ¶ 4. "If this step is satisfied, the second step requires that the trial court decision be 'reviewed under an abuse-of-discretion standard.'"   Id., quoting *Kalish* at ¶ 4.

"The trial court has full discretion to impose any sentence within the authorized statutory range, and the court is not required to make any findings or give its reasons for imposing maximum or more than minimum sentences." *State v. Nelson*, 2d Dist. Montgomery No. 25026, 2012-Ohio-5797, ¶ 62. "However, the trial court must comply with all applicable rules and statutes, including R.C. 2929.11 and R.C. 2929.12." *Id. State v. Eicholtz*, 2d Dist. Clark No. 2012 CA 7, 2013-Ohio-302, ¶ 52-53.

{¶ 13}   As the Supreme Court of Ohio determined:

"Abuse of discretion" has been defined as an attitude that is unreasonable, arbitrary or unconscionable.  (Internal citation omitted).  It is

to be expected that most instances of abuse of discretion will result in decisions that are simply unreasonable, rather than decisions that are unconscionable or arbitrary.

A decision is unreasonable if there is no sound reasoning process that would support that decision. It is not enough that the reviewing court, were it deciding the issue *de novo*, would not have found that reasoning process to be persuasive, perhaps in view of countervailing reasoning processes that would support a contrary result. *AAAA Enterprises, Inc. v. River Place Community Redevelopment*, 50 Ohio St.3d 157, 161, 553 N.E.2d 597 (1990).

**{¶ 14}** As the State asserts, Richardson's sentence is within the statutory range. R.C. 2929.14(A)(4) provides for a prison term of six to 18 months for a felony of the fourth degree, and R.C. 2929.14(A)(5) provides for a term of six to 12 months for a felony of the fifth degree. We further conclude that an abuse of discretion is not demonstrated. Richardson did not cooperate with the probation department, and he was arrested for another receiving stolen property offense between his plea and his original sentencing date. Due to his breach of the plea agreement, Richardson was no longer entitled to the eighth month sentence. The record reflects that the court considered the relevant factors in sentencing Richardson, and that it found his lengthy criminal history significant. R.C. 2929.12(D)(2). We note that in his brief, Richardson makes no mention of the fact that he missed his first appointment with the probation department scheduled for December 23, 2009, without explanation to his officer. There is no corroboration for Richardson's assertions regarding his accident or his grandmother's death. (We note that prior to his plea, Richardson filed a

motion for continuance based upon the death of a male family member, and that he attached an obituary to the motion.) Richardson was not sentenced to 22 months for being in contempt of court but rather was sentenced on two felony counts of receiving stolen property as a result of his breach of the plea agreement.[1] For the foregoing reasons, Richardson's second assigned error is overruled.

{¶ 15} We will next consider Richardson's fourth assigned error. It is as follows:

"TRIAL COURT VIOLATED THE APPELLANT'S RIGHT TO DUE PROCESS OF LAW WHEN THE COURT DENIED THE DEFENDANT THE OPPORTUNITY TO RESPOND TO THE PRE-SENTENCE INVESTIGATION REPORT PRIOR TO SENTENCING."

{¶ 16} Richardson cites R.C. 2951.03(b)(2), and *Gardner v. Florida*, 430 U.S. 349, 97 S.Ct. 1197, 51 L.Ed.2d 393 (1977), and asserts that the court "refused" to allow him to rebut the information contained in the PSI in violation of his due process rights. Richardson further relies upon *State v. Matson,* 268 Wis.2d 725, 674 N.W.2d 51, 2003 WIApp 253, and he asserts that the State "violated the plea agreement when [it] allowed the investigation probation officer to introduce information abstract toward the plea agreement."

{¶ 17} R.C. 2951.03(B)(2) provides: "Prior to sentencing, the court shall permit the defendant and the defendant's counsel to comment on the [PSI] and, in its discretion, may permit the defendant and the defendant's counsel to introduce testimony or other

---

[1]The State noted in its brief Richardson's indictment for receiving stolen property, resulting from his arrest on January 8, 2010, as well as the judgment entry of conviction from that matter, which indicates that he received a six month sentence to be served consecutively to the sentence imposed herein. *State v. Richardson*, Montgomery C.P. No. 2010 CR 00113 (Nov. 8, 2010).

information that relates to any alleged factual inaccuracy contained in the report." Neither Richardson or defense counsel objected to the court's recitation of the PSI, and there is nothing in the record to suggest that the court "refused" Richardson an opportunity to rebut any purported inaccuracies contained therein. Any arguments related to alleged inaccuracies in the PSI are accordingly waived.

{¶ 18} Gardner is distinct from the matter herein in that confidential information in the PSI was not disclosed to the defendant, and the U.S. Supreme Court held that "petitioner was denied due process of law when the death sentence was imposed, at least in part, on the basis of information which he had no opportunity to deny or explain." *Id.*, ¶ 15. The information in the PSI herein was disclosed to Richardson, and he made no objection at sentencing.

{¶ 19} In *Matson*, the court imputed to the State an investigating officer's letter addressed to the court requesting the maximum sentence, determining that the letter undercut the plea agreement, pursuant to which the State and Matson agreed to jointly recommend at sentencing a 10 year term with 10 years of extended supervision on one count and 15 years of consecutive probation on another count. The Court of Appeals of Wisconsin held that it was required to "bind the investigating officer to the prosecutor's bargain." *Id.*, ¶ 23. There is not a letter from Dues in the PSI before us, and it appears that she was contacted telephonically for her comments. *Matson* is distinct from the matter herein, since the plea agreement at issue was between the county prosecutor, the court and Richardson. It was not undercut by Dues' statements but by Richardson's breach thereof. The court did not order the updated PSI until after Richardson breached the agreement, and the original PSI detailed

his lack of compliance and January 8, 2010 arrest. In rescinding the plea agreement, the court expressly stated that it did so "in light of failing to appear as required and therefore not cooperating and getting in trouble again." Accordingly, Richardson's fourth assigned error is overruled.

{¶ 20} We will next consider Richardson's first assigned error. It is as follows:

"TRIAL COURT VIOLATED THE APPELLANT'S RIGHT TO DUE PROCESS OF LAW WHEN IT USED INACCURATE, IRRELEVANT, FABRICATED AND IMPROPER *EX PARTE* INFORMATION DURING THE SENTENCING PROCESS."

{¶ 21} Richardson directs our attention to *State v. Liskany*, 196 Ohio App.3d 609, 2011-Ohio-4456, 964 N.E.2d 1073 (2d Dist.), and he asserts that the trial court "considered a letter of recommendation from the appellant['s] *former* probation officer in it's sentencing recommendation, not his *current* one. A federal probation officer is not an officer of the trial court and the letter represents an improper *ex parte* effort by a government officer to influence the sentencing hearing." Richardson asserts that the trial court falsely stated that he was "at the time of sentencing, on federal probation," and that the trial court "used inaccurate information to sentence the appellant" when it "stated that the appellant had been convicted of impersonating a Police officer in the year of 2007."

{¶ 22} Similar to *Matson*, in *Liskany*, the defendant received a sentence of 16 years, and this Court held that the State breached its promise to recommend a sentence of not more than four years, based upon a letter contained in the PSI that was submitted by a sheriff's deputy and addressed to the court, which recommended a sentence of "'the longest possible period.'" *Id*., ¶ 1. This Court concluded "that because the letter was issued by an agent of

the state, it constitutes an improper attempt to influence the sentencing by breaching the state's promise to recommend a sentence of 'not more than four years.'" *Id.*, ¶ 192.

**{¶ 23}** As with *Matson*, Richardson's reliance upon *Liskany* is misplaced. As the court indicated, it agreed to sentence Richardson to the agreed term of eight months on the condition that he cooperate in completing the pre-sentence investigation report and that he stayed out of trouble between the plea and the date of sentencing. Since Richardson violated the terms of the plea agreement by failing to cooperate and by getting into trouble, the court, as it indicated at the plea hearing, was free to impose a more harsh sentence.

**{¶ 24}** Regarding Richardson's assertions that the trial court relied upon inaccurate information regarding his federal probation and misdemeanor record, as noted above, Richardson failed to object, and these arguments are waived. Richardson's first assigned error is overruled.

**{¶ 25}** Richardson's third assigned error is as follows:

"INEFFECTIVE ASSISTANCE OF COUNSEL."

**{¶ 26}** Richardson again cites R.C. 2951.03(B)(2), and he asserts that defense counsel was ineffective for failing to object to the "inaccuracies" in the PSI at sentencing or request a continuance to "prepare a rebut on the inaccuracies." Richardson again asserts that the January 8, 2010 charge was dismissed, and that the "trial court **fabricated** the statement that that particular *prior* charge wasn't a factor in considering the sentence, when in fact it was."

**{¶ 27}** As this Court has previously noted:

"We review the alleged instances of ineffective assistance of trial

counsel under the two prong analysis set forth in *Strickland v. Washington* (1984), 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674, and adopted by the Supreme Court of Ohio in *State v. Bradley* (1989), 42 Ohio St.3d 136, * * *. Pursuant to those cases, trial counsel is entitled to a strong presumption that his or her conduct falls within the wide range of reasonable assistance. *Strickland*, 466 U.S. at 688. To reverse a conviction based on ineffective assistance of counsel, it must be demonstrated that trial counsel's conduct fell below an objective standard of reasonableness and that his errors were serious enough to create a reasonable probability that, but for the errors, the result of the trial would have been different. *Id.* Hindsight is not permitted to distort the assessment of what was reasonable in light of counsel's perspective at the time, and a debatable decision concerning trial strategy cannot form the basis of a finding of ineffective assistance of counsel." (Internal citation omitted). *State v. Mitchell*, 2d Dist. No. 21957, 2008-Ohio-493, ¶ 31.

**{¶ 28}** We note that Richardson does not specifically identify any "inaccuracies" in his third assigned error beyond his assertion that the charge for receiving stolen property "concerning the stolen vehicle from Kentucky" was dismissed. Even if we were to assume that counsel was ineffective in failing to object to the PSI on this basis, Richardson cannot establish prejudice. While the court found his criminal history significant, it expressly stated that it did not consider the January 8, 2010 offense when imposing sentence. As discussed above, Richardson was subject to an enhanced sentence on his pleas, the court complied with R.C. 2929.11 and R.C. 2929.12, his sentence is not contrary to law, and an

abuse of discretion is not demonstrated. Since we cannot conclude that an objection to the PSI would have altered the outcome of Richardson's sentencing hearing, his third assigned error is overruled.

{¶ 29} Richardson's fifth assignment of error is as follows:

"APPELLANT'S PLEA WAS NOT ENTERED KNOWINGLY, VOLUNTARILY OR INTELLIGENTLY AND THE PLEA SHOULD BE VOIDED."

{¶ 30} Richardson again directs our attention to *Liskany,* and he asserts that "there's no way that the prosecutor could have believed that her recommendation [regarding sentencing] would stand" due to Richardson's criminal history. Richardson's brief provides, "Criminal history wasn't a factor when the plea was promised and entered, so then why all of a sudden at sentencing did criminal history of the appellant become such a huge factor?"

{¶ 31} As noted above, *Liskany* is distinct from the matter herein; in *Liskany* the State breached its promise to recommend a specific sentence to the court, while herein the court itself agreed to sentence Richardson to eight months as long as he cooperated and stayed out of trouble. Crim.R. 11(C)(2) sets forth the procedures a trial court must follow for accepting guilty pleas. Pursuant to Crim.R. 11(C)(2), the court must engage in a colloquy with the defendant to ascertain that he understands the pleas he enters and the rights he voluntarily waives by doing so. The record reflects that the court clearly informed Richardson at the plea hearing that if he failed to comply with their agreement, his pleas would stand subject to a sentence of up to two and a half years, Richardson indicated his understanding of the plea agreement, and there is no indication that Richardson's pleas were

"not entered knowingly, voluntarily or intelligently."   The trial court complied with Crim.R. 11(C)(2), and Richardson's fifth assignment of error is overruled.

{¶ 32}   In addition to the five potential assignments advanced by Richardson, we have conducted an independent review of the record in the performance of our duty under *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967).   In so doing, we have found no potential assignments of error having arguable merit, and we conclude that this appeal is wholly frivolous.   Therefore, the judgment of the trial court is affirmed.

. . . . . . . . . .

FAIN, P.J. and WELBAUM, J., concur.

Copies mailed to:

Andrew T. French
Michael H. Holz
Dejarvus L. Richardson
Hon. Barbara P. Gorman

Case Name:          *State of Ohio v. Dejarvus L. Richardson*
Case No.:           Montgomery App. No. 23879
Panel:        Fain, Donovan, Welbaum
Author:             Mary E. Donovan
Summary: